BENJAMIN FRIEDMAN, Plaintiff, *v.* ANDREW C. STRAND et al., Defendants.

Supreme Court, Special Term, Bronx County, August 25, 1952.

*Allen Ducker* for plaintiff.

*Edward A. Harmon* and *Spero V. Soupios* for defendants.

MATTHEW M. LEVY, J. This suit was instituted in 1952 in the Supreme Court, Bronx, for $3,000 for personal injuries and property damages allegedly caused by the negligence of the defendants. The plaintiff, claiming that he sees no reason to add to or suffer the calendar delays or the higher costs involved in litigation in the Supreme Court, now seeks to transfer his case to the Municipal Court, Bronx, where a trial might be had more quickly and less expensively.

This motion thus appears innocent and welcome enough, but unfortunately it has run afoul of the defendants' valid objections.

The initial commencement of this action in the higher tribunal was not the result of mistake on plaintiff's part, which if excusable might be corrected in a proper case (Civ. Prac. Act, §§ 105,

110). Nor did the plaintiff fail initially to commence this action in the Municipal Court because the amount he sued for was beyond that court's constitutional and statutory competence — this action having been instituted subsequent to January 1, 1952, the monetary jurisdiction of the Municipal Court had already been enlarged to $3,000. (N. Y. Const., art. VI, § 18; N. Y. City Mun. Ct. Code, § 6, as amd. by L. 1951, ch. 10.) This action was begun in the Supreme Court for another reason entirely. Plaintiff resides in the Bronx, the defendants in Nassau County. Plaintiff was of the opinion, apparently, that he would not be able to serve the defendants with process within the territorial jurisdiction of the Municipal Court (N. Y. City Mun. Ct. Code, § 14). He could, of course, have sued in the County Court of the County of Nassau, as he would have been able to effectuate service on the defendants there (N. Y. Const., art. VI, § 11; Civ. Prac. Act., § 67, subd. 3), or in the District Court in that county if his *ad damnum* did not exceed $2,000 (Nassau Co. Dist. Ct. Act, L. 1939, ch. 274, as amd., §§ 1, 2). For reasons of his own, including that of claimed convenience of witnesses, he did not sue in Nassau, but in this court — whose mandate, of course, reaches out to every part of the State — and the defendants were duly served with process in Nassau County.

The plaintiff now applies to remove his own action from this court to the Municipal Court of New York City, not to the County Court of Nassau County. The defendants oppose the motion. I assume they have no objection to a transfer of the action to the Nassau County Court, and if that is what the plaintiff now desires as well, a written stipulation may be submitted accordingly. But as to the motion to transfer to the Municipal Court in The Bronx, that must be denied.

The Municipal Court is a statutory local court having its territorial jurisdiction strictly limited to service of process within New York City. Having called upon the general State-wide jurisdiction of the Supreme Court for aid in effectuating service of process upon the defendants (in view of their residence out of New York City) the plaintiff now seeks to bring the defendants into the Municipal Court — a result he could not have accomplished on more direct procedure by initially invoking the jurisdiction of that court. The granting of this motion over the defendants' objection would permit the plaintiff to utilize the Supreme Court as a vehicle to enlarge the territorial jurisdiction of a local court. The net effect would be to

convert the Supreme Court into a processing agent for Municipal Court cases — with all the necessary and concomitant judicial attention, clerical service and public expense; and to expand the jurisdiction of the Municipal Court — so as to permit it to hear and determine causes beyond those set for it by law. That cannot be done without legislative sanction.

Section 110-b of the Civil Practice Act (L. 1949, ch. 319) permits transfers of Supreme Court actions pending in New York City to lower courts where "it shall appear that the damages sustained are less in amount than originally alleged" — and here the original damages claimed were $3,000, which, as I have said, was, at the time of the commencement of this action, an amount within the monetary jurisdiction of the Municipal Court. While that statute is therefore not strictly applicable, it nevertheless leads — although it cannot control — the way. Transfer pursuant thereto may, however, be made to the lower court only "upon the written consent of all parties" to the action — and such is the express limitation of the statute. The removal cannot under existing law be made by compulsion.

I recognize, of course, that the Supreme Court calendars in The Bronx are crowded, that the courts and the Bar are striving mightily to lessen the burden of congestion there, and that the Legislature has effectively aided this current drive in many important aspects, including the grant of power to this court of the siphoning off of proper cases to courts of less than general jurisdiction. But vital factors of public policy involved in the present application may have dissuaded the Legislature from extending the desired downward transfers to instances in which the parties do not consent. Perhaps the Legislature may not have deemed it desirable, either directly or circuitously, to enlarge the territorial jurisdiction of the Municipal Court of the City of New York, and thereby compel residents in distant parts of the State to defend lawsuits in the metropolitan lower courts against their will. On a larger plane, there may be a definite public interest in maintaining unsullied the constitutional integrity of the Supreme Court as a court of general jurisdiction and thus as a haven to even the most minimal of law suits — if litigants demand it. And the balancing of interests — between these factors on the one hand, and, on the other, of utilizing this additional method of lessening the burden of congested calendars in this court — is a determination that must be made by the Legislature or the electorate, not by me.