LESTER E. KESSLER, Plaintiff, *v.* JACOB ROSENBERG et al., Defendants.

Supreme Court, Special Term, Bronx County, February 10, 1955.

*Irving I. Sternberg* for plaintiff.

*Philip G. Klein* for defendants.

FRANK, J. This is an application to remove the above action from this court to the Municipal Court. The movant candidly concedes that the action was commenced in the Supreme Court because the defendants reside in Nassau County and personal service could not be obtained within the city of New York.

Since the recovery sought by the plaintiff is only $1,000, it is obvious that except for the lack of jurisdiction of the person, the Municipal Court was a proper forum for the action.

The defendant opposes the motion and objects to the transfer of the action.

The Civil Practice Act (§ 110-a) provides for the removal of a cause under given circumstances from a court of limited jurisdiction to this court. No consent is required for the transfer of a cause pursuant to the named section. The Civil Practice Act (§ 110-b) provision for the converse situation, i.e., the removal of a cause from this court to a court of limited jurisdiction, contains a significant prerequisite. It requires the consent of the parties.

Under a somewhat similar state of facts, my distinguished colleague, Mr. Justice MATTHEW M. LEVY, in a thorough analysis lucidly expressed, denied a motion to transfer a cause from this court to the Municipal Court. (*Friedman* v. *Strand,* 203 Misc. 170.)

The statute under consideration (Civ. Prac. Act, § 110-b) is one of recent enactment and it has not evoked extensive judicial comment.

The distinction made with respect to the requirement for the consent of the parties between section 110-a and section 110-b is based on sound reason. In the former, the removal of the cause from a court of limited jurisdiction to this court raises no jurisdictional question, for it is elementary that if the Municipal Court had jurisdiction in the first instance then there could be no question as to the jurisdiction of the Supreme Court. The converse is not true. In some situations the consent of the parties could eliminate the jurisdictional limitation. If juris-

diction of the person only were lacking, the voluntary submission by the parties could cure such defect.

As the papers indicate, jurisdiction of this cause in the Municipal Court was not initially secured. The Municipal Court being without jurisdiction in the first instance, it must logically follow that this court is without power to confer jurisdiction upon the Municipal Court by the device of a transfer of the cause to that court, absent a submission to jurisdiction by the consent of the parties.

The motion must therefore be denied.