■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. AUBREY BRABHAM, Petitioner, against DIRECTOR OF THE KINGS PARK ·STATE HOSPITAL, Respondent. — Application for a writ of habeas corpus denied. The application does not comply with section 1234 of the Civil Practice Act. The petitioner states that there was a previous writ of habeas corpus on June 26, 1958, which was dismissed by a named Justice on a statement issued by the assistant director of the institution. He does not state whether any appeal was taken and what new facts are shown on the instant application that were not previously shown. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ FRANCIS A. ROGERS, Respondent, v. TOWN OF OYSTER BAY et al., Appellants.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ BENNETT EXCAVATORS CORP., Appellant, v. LASKER-GOLDMAN CORPORATION, Defendant-Respondent and Third-Party Plaintiff. STANDARD ACCIDENT INSURANCE COMPANY, Third-Party Defendant.— In an action to recover a balance alleged to be due for work, labor and services rendered and for materials furnished, and for other relief, the appeals are (1) from an order denying appellant's motion to vacate respondent's notice to examine appellant before trial and directing appellant to appear for such examination, and (2) from an order denying appellant's motion to modify respondent's demand for a bill of particulars. Order denying motion to vacate affirmed, without costs. No opinion. Order denying motion to modify modified by striking therefrom everything following the word "is" in the first ordering paragraph and by substituting therefor the words and figure "granted .to the extent of striking from said demand item '3'.". As so modified, order affirmed, without costs. In our opinion, the particulars demanded under item "3" will not serve to narrow the issues or limit the proof but will require the disclosure of the details of evidence. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur. Settle order on notice.