Sheldon F. Wickes, J.
This is a motion by the defendant to reduce a verdict in favor of the plaintiff in a negligence case returned by a jury in Essex County Court on June 15, 1965, from $10,000 to $6,000, the monetary jurisdictional limit of this court.
This action was originally instituted in Supreme Court— Essex County. The plaintiff resides in Essex County. The defendant resides in Albany County. The complaint demands judgment for $25,000.
The case was on the calendar for trial at the Essex County Term of the Supreme Court which commenced on May 3, 1965.
On May 28, 1965 the following order was made and entered:
“ STATE OF NEW YORK
SUPREME COURT COUNTY OF ESSEX
JAMES A. MARTIN #9322
vs.
MARTIN FARRELL
The above-entitled action having been reached for trial and a conference having been had between the Court and the Attorneys and it appearing that the County Court of Essex County has jurisdiction of the subject matter and over the classes of persons named as parties, it is
obdered that this action be and it is transferred to the County Court of the County of Essex for disposition and to enter orders of judgment therein without further application to this Court.
Roger W. Daniels
Acting Justice of the Supreme Court
There was no written stipulation or consent by the defendant or his attorney consenting to this order transferring the case from Supreme Court to County Court.
The consent of the defendant was necessary as the Essex County Court would not have had jurisdiction of the defendant *128 if this action had originally been commenced in said court for the reason that defendant was not a resident of Essex County, (Judiciary Law, § 190, subd. 3; CPLR. 325, subd. [c].)
There was no written stipulation by the plaintiff or his attorney reducing the demand for damages from $25,000 to $6,000, the jurisdictional limit of the Essex County Court and consenting to the removal of the action from the Supreme Court to the Essex County Court.
A reduction in the amount of damages demanded to a sum within the jurisdictional limits of the Essex County Court and a consent by the plaintiff to the removal are prerequisites to the order of removal. (CPLR 325, subd. [c].)
Neither the plaintiff nor the defendant objected to the order of transfer, appealed from the order nor raised any question as to the jurisdiction of this court. The attorneys for both parties agreed that the case should be set down for a trial commencing on June 14,1965. The plaintiff and defendant and their respective attorneys appeared on that date and the case was tried. No objection to the jurisdiction of this court was raised before or during the trial by either party.
In my opinion, both the plaintiff and defendant waived any objection to the jurisdiction of this court by impliedly consenting to and proceeding with the trial without raising such objection.
The plaintiff in opposing this motion to reduce the jury verdict to $6,000, the jurisdictional limit of this court, contends that the Supreme Court order transferring the action to the Essex County Court was not made pursuant to CPLR 325 (subd. [c]) but was made pursuant to subdivision a of section 19 of article VI of the Constitution which reads as follows: “ a. The supreme court may transfer any action or proceeding, except one over which it shall have exclusive jurisdiction which does not depend upon the monetary amount sought, to any other court having jurisdiction of the subject matter within the judicial department provided that such other court has jurisdiction over the classes of persons named as parties.”
It is the further contention of the plaintiff that the monetary jurisdictional limit of $6,000 in this court does not apply to a case transferred pursuant to the foregoing subdivision of the Constitution. The plaintiff’s attorney cites and relies on subdivision j of the same section which reads as follows: “j. Each court shall exercise jurisdiction over any action or proceeding transferred to it pursuant to this section” and on subdivision 1 of section 190-b of the Judiciary Law which reads as follows: “ § 190-b. Power of county court and county judge co-extensive with that of supreme court and supreme court justice.
*129 ‘ ‘ 1. 'Where a county court has jurisdiction of an action or a special proceeding, it possesses the same jurisdiction, power and authority in and over the same, and in the course of the proceedings therein, that the supreme court possesses in a like case; and it may render any judgment or grant either party any relief that the supreme court may render or grant in a like case, and may send its process and other mandates into any county of the state for service or execution and enforce obedience thereto in the same manner as the supreme court.”
I do not think that either of the quoted subdivisions of section 19 of article VI of the Constitution was intended to increase the monetary jurisdiction of a lower court in a case transferred to it from Supreme Court.
A contrary intent is clearly shown by subdivision k of the same section adopted at the same time which reads as follows: “ k. The legislature may provide that the verdict or judgment in actions and proceedings so transferred shall not be subject to the limitation of monetary jurisdiction of the court to which the actions and proceedings are transferred if that limitation be lower than that of the court in which the actions and proceedings were originated.”
While the Legislature may provide that a verdict in an action transferred to a County Court shall not be subject to the limitation of monetary jurisdiction of such court, it has not done so.
I do not think that section 190-b of the Judiciary Law was intended to or does increase the monetary jurisdictional limits of the County Courts as set forth in section 190 of the same law.
The motion to reduce the jury verdict to $6,000 is granted.