Frank P. De Luca, J.
Motion for an order vacating the judgment of this court dated and entered June 29, 1967 is denied.
The action was commenced in Supreme Court, Suffolk County by service outside of the county upon the defendants, who are nonresidents.
The accident in suit occurred in Bronx County.
Pursuant to stipulation, consent and agreement of the parties, the action was remanded to the County Court of Suffolk County for trial.
Subsequently, on the County Court’s own motion, the action was transferred to the District Court.
It is defendant’s contention that the County Court was with-put jurisdiction to accept a transfer of the case from the Supreme *611 Court, and that consequently the subsequent transfer to the District Court was unconstitutional and void.
Subdivision (c) of CPLR 325 provides for the removal of an action to a court of limited jurisdiction, on consent of the parties, as follows: 11 Where it appears that the amount of damages sustained are less than demanded, and a lower court would have had jurisdiction of the action but for the amount of damages demanded, the court in which an action is pending may remove it to the lower court upon reduction of the amount of damages demanded to a sum within the jurisdictional limits of the lower court and upon consent of all parties to the action ”.
CPLR 325 (subd. [c]), however, has been superseded by subdivision a of section 19 of article VI of the Constitution to the extent that it gives the Supreme Court the power of free transferability of actions, which should not have been in the Supreme Court in the first place, without the consent of either plaintiff or defendant. This enables the Supreme Court to transfer an action directly to a lower court when the amount likely to be recovered is below the maximum monetary jurisdiction of the lower court. (1 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 325.16, 325.17). However, such removal is conditioned on the provision that the lower court have “ jurisdiction over the classes of persons named as parties.” “ Classes of persons ” used in the constitutional provision encompasses those persons over whom the lower court might have obtained jurisdiction had the action been commenced there. (1 W einstein-Korn-Miller, N. Y. Civ. Prac., par 325.19.)
In the case of Mosera v. Knoblauch & Sons (145 N. Y. S. 2d 344) the plaintiffs were residents of Brooklyn and the defendants residents of Glens Falls, New York. An action was commenced in the Supreme Court, Bungs County, by the service of a summons and complaint on the defendants at Glens Falls. After the action was commenced the plaintiffs determined that the amount to be recovered would not exceed the jurisdiction of the City Court, Kings County. The plaintiffs moved to transfer the case to the City Court, Kings County, and defendants opposed the motion.
The court denied the motion on the grounds that (p. 345) “ the service of the summons upon the defendants, who are nonresidents of New York City, was made in Glens Falls which was not within the limits of the City of New York. If this action had been originally instituted in the City Court, Kings County, such service would have been a nullity and the City Court would not have acquired jurisdiction over the defendants. Since the defendants herein do not consent to the transfer *612 and since there would have been a lack of jurisdiction in the City Court if the action had been originally instituted there, the motion is denied.”
The significance of the Mosera case is twofold, in that it clarifies and confirms that, as a jurisdictional prerequisite to a transfer, the lower court might have obtained jurisdiction over the parties had the action been commenced there, and it also opens the door to the consent of the parties to the jurisdiction of the lower court in lieu of such prerequisite. This case is predicated upon section 110-b of the Civil Practice Act, which is a former counterpart of CPLR 325 (subd. [c]) and the jurisdictional prerequisite, namely, that the ‘ ‘ lower court would have had jurisdiction of the action but for the amount of damages demanded, ’ ’ remains substantially the same, and it does not appear that subdivision a of section 19 of article VI of the Constitution abridges this particular part of CPLR 325 (subd. [c]).
As pointed out by defendant, subdivision 3 of section 190 of the Judiciary Law, providing for the jurisdiction of the County Court, does require that, in an action such as is herein involved, the defendants reside in the county at the time the action is commenced. However, considering the opinion of the court as stated in the Mosera case, and also considering that parties may confer in personam jurisdiction by consent (although they cannot make a court competent over the subject matter of the dispute when the State has denied competence), (see Fidan v. Austral American Trading Corp., 8 Misc 2d 598, and 1 Weinstein-Korn-Miller N. Y. Civ. Prac., par. 301.02), it is suggested that the consent of the parties to the jurisdiction of the lower court will satisfy the requirement of subdivision a of section 19 of article VI, “that such other court has jurisdiction over the classes of persons named as parties ’ ’ and that based upon such consent the jurisdictional test of CPLR 325 (subd. [c]) that the lower court “ would have had jurisdiction of the action but for the amount of damages demanded ’ ’ is also satisfied.
As already mentioned, the order of the Supreme Court remanding the action to the County Court was not an order entered on the court’s own motion, but was entered upon the stipulation and agreement of the parties which invoked the jurisdiction of the County Court. It is elemental that a party who invokes the jurisdiction of the court is precluded from attacking its jurisdiction. (See Matter of Roe v. Doe, 51 Misc 2d 875, 881.)
Tu Martin v. Farrell (47 Misc 2d 126) the Supreme Court, Essex County, transferred the case to the Essex County Court, without a written stipulation or consent by the defendant, who *613 was a nonresident. The Essex County Court made the following observations (pp. 127-128):
“ The consent of the defendant was necessary as the Essex County Court Avould not have had jurisdiction of the defendant if this action had originally been commenced in said court for the reason that defendant was not a resident of Essex County. (Judiciary LaAV, § 190, subd. 3; CPLR 325, subd. [c].) ”
“ There was no written stipulation by the plaintiff or his attorney reducing the demand for damages from $25,000 to $6,000, the jurisdictional limit of the Essex County Court and consenting to the removal of the action from the Supreme Court to the Essex County Court.
‘ ‘ A reduction in the amount of damages demanded to a sum within the jurisdictional limits of the Essex County Court and a consent by the plaintiff to the removal are prerequisite to the order of removal. (CPLR 325, subd. [c].)
‘ ‘ Neither the plaintiff nor the defendant objected to the order of transfer, appealed from the order nor raised any question as to the jurisdiction of this court. The attorneys for both parties agreed that the case should be set doAvn for a trial commencing on June 14, 1965. The plaintiff and defendant and their respective attorneys appeared on that date and the case was tried. No objection to the jurisdiction of this court was raised before or during the trial by either party.”
It is, the decision of this court that both the plaintiff and the defendant waived any objection to the jurisdiction of this court by impliedly consenting to and proceeding Avith the trial without raising such objection.
Defendant’s motion and cross motion to vacate the judgment on the grounds that this court lacks jurisdiction are denied upon the foregoing. Defendants consented to the transfer of the action from the Supreme Court to the County Court, and then, upon transfer of the action from the County Court to the District Court, went to trial on the merits and raised no jurisdictional question until after judgment was aAvarded against them by a jury of six.