OPINION OF THE COURT
Elizabeth W. Pine, J.
Plaintiff corporation moves for an order for removal of the instant case from the Supreme Court of Monroe County to the Rochester City Court, pursuant to CPLR 325 (subd [d]) and 22 NYCRR 1024.20.
Plaintiff’s complaint sounds in negligent damage to property arising from the operation of a motor vehicle owned by the defendant and operated by him in the City of Rochester on November 14, 1976, and demands judgment in the sum of *726 $2,020.87 together with interest, costs and disbursements. It is conceded that, at all times relevant to this proceeding, defendant has resided in the Commonwealth of Massachusetts; service of process upon defendant was made there.
Plaintiff, in support of its motion in this matter, relies upon the provisions of article VI (§ 19, subd a) of the New York State Constitution and 22 NYCRR 1024.20. Defendant opposes the transfer on the ground that the Rochester City Court would not have jurisdiction of the person of the defendant. (CPLR 325, subd [d].)
Much as the result seems an inappropriate one, in terms of judicial economy, this court is constrained to agree with defendant and deny the removal motion. The constitutional provision cited by plaintiff authorizes removal to a lower court "provided that such other court has jurisdiction over the classes of persons named as parties.” (NY Const, art VI, § 19, subd a.) The applicable rule in this department similarly restricts removals to a court "having jurisdiction * * * of the persons or classes of persons named as parties”. (22 NYCRR 1024.20.)
By what has been aptly called a "quirk” of the law, the "long-arm” jurisdiction of the courts governed by the Uniform City Court Act (UCCA) is shorter indeed than that of the Civil Court of the City of New York under the New York City Civil Court Act (CCA). (NY Const, art VI, § 1, subd c; see UCCA, § 404, subd [b]; cf. CCA, § 404, subd [b]; Electronic Devices v Rogers Assoc., 63 Misc 2d 243, affg 60 Misc 2d 322.)
Plaintiff’s CPLR 325 (subd [d]) removal motion may be granted only if the lower court to which the motion is addressed "would have had jurisdiction but for the amount of damages demanded.” Soon after the enactment of this provision, it was observed that the statute "makes no distinction between jurisdiction over the subject matter and jurisdiction over the person. By the sweep of its language it would apparently mandate that the lower court have both types of jurisdiction.” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C325:4, p 444.) While the Rochester City Court would have had jurisdiction over the subject matter of the instant action, service of process on the defendant in Massachusetts could not have secured personal jurisdiction by Rochester City Court over the defendant. Plain *727 tiffs removal motion* is therefore denied. (Cf. Mosera v Knoblauch & Sons, 145 NYS2d 344, decided under former Civ Prac Act, § 110-b, and CCA, § 27.)

 While the instant matter will remain a Supreme Court case, plaintiffs claims might nevertheless be subject to arbitration, in this court, pursuant to a new provision of the CPLR (CPLR 3405, added L 1978, ch 156, eff May 19, 1978), upon the promulgation of rules pursuant to that provision.