■ EMPIRE MUTUAL INSURANCE COMPANY et al., Respondents, v MOORE BUSINESS FORMS, INC., Appellant. — Order of the Supreme Court, New York County (Blyn, J.), entered January 19, 1982, which denied defendant's motion to strike the case from the calendar and vacate the note of issue and certificate of readiness and to file a jury demand *nunc pro tunc,* is reversed, on the law, the facts and in the exercise of discretion, with costs, and the motion to strike the case from the calendar and vacate the note of issue and the certificate of readiness granted. Plaintiffs served the summons and complaint in connection with the instant action on or about October 30, 1981. After an extension of time to answer, issue was joined on November 23, 1981. Only one week later, on November 30, 1981, the plaintiffs filed a note of issue and a statement of readiness. In it, they avowed that the defendant had waived its right to serve a bill of particulars and to all other discovery proceedings. When the plaintiffs declined to withdraw their note of issue and certificate of readiness, the defendant moved to vacate. However, Special Term denied the motion on the basis of defense counsel's statement in oral argument that discovery might take years to complete despite the fact that the court would normally have considered the filing to be premature. The court did give the defendant leave to utilize its discovery rights but limited the period of time within which such disclosure had to be concluded to six months from the date of service of its

order. What is involved here is a clear example of premature filing. There is no foundation or authority for plaintiff's assertion that the defendant has waived discovery. Although the defendant does exhibit a certain degree of vagueness as to how much time will be required for discovery to be completed, the court does not lack the power, should the need arise, to prevent abuse by establishing appropriate restrictions. Concur — Carro, J. P., Lupiano, Silverman, Fein and Milonas, JJ.