■ 48-48 ASSOCIATES, Respondent, v GEORGE SOLOW, Appellant. — Order, Supreme Court, New York County (A. F. Klein, J.), entered December 22, 1982 denying defendant's motion to strike the case from the Trial Calendar and granting defendant 90 days to conduct necessary pretrial discovery proceedings, is unanimously reversed, on the law and the facts, and in the exercise of discretion, with costs, and defendant's motion to strike the case from the calendar is granted. The action was begun on May 31, 1982; defendant's answer, including counterclaims, was served on June 30, 1982; plaintiff served its reply on August 15, 1982. Eight days later plaintiff served a statement of readiness and note of issue and placed the case on the Trial Calendar. In compliance with the rule as to the contents of the statement of readiness, the statement of readiness stated that bill of particulars and discovery proceedings had been waived and that there has been a reasonable opportunity to complete pretrial proceedings. Plainly these statements were at best inaccurate, or a wildly optimistic interpretation of the facts. Furthermore, rule 660.4 (d) (7) of the Rules of the Supreme Court, New York and Bronx Counties (22 NYCRR), provides that no pretrial examination or other preliminary proceeding may be

had after the filing of the statement of readiness, with certain exceptions not here relevant. Although by this time defendant has had ample opportunity to conduct pretrial discovery, and perhaps has completed such discovery so that plaintiff may now be in a position to file a proper statement of readiness and note of issue, plaintiff should not be allowed to obtain a calendar preference over other like cases by the premature filing of the inaccurate statement of readiness of August 23, 1982, in violation of the rules of the court. As the case is on the calendar only by reason of that premature and improper statement of readiness, we strike it from the calendar. Concur — Sandler, J. P., Silverman, Fein, Milonas and Kassal, JJ.