■ JEAN GERARDI et al., Respondents, v INCORPORATED VILLAGE OF VALLEY STREAM et al., Respondents, et al., Defendant, and FRANK BUSCHER et al., Appellants. — In an action to recover damages for personal injuries, etc., defendants Frank Buscher and Anna B. Miller appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Berman, J.), entered November 16, 1983, as denied those branches of their motion which sought (1) an order striking the case from the Trial Calendar; (2) permission to serve interrogatories upon codefendants Incorporated Village of Valley Stream and Nassau County; and (3) permission to conduct an examination before trial of a nonparty witness.

Order affirmed insofar as appealed from, with one bill of costs payable to respondents appearing separately and filing separate briefs.

The 20-day period within which a motion to strike an action from the Trial Calendar must be made is measured from the date of filing of the note of issue and statement of readiness, not the date of receipt (22 NYCRR 675.3). Thus, since appellants failed to show good cause for the delay, Special Term properly denied that branch of the motion as untimely.

As to appellants' belated disclosure requests, they were properly denied because appellants failed to show that, subsequent to the action being placed on the Trial Calendar, "unusual and unanticipated conditions" arose which made such disclosure necessary (22 NYCRR 675.7). Indeed, appellants were made aware of that need at least eight months prior to the filing of the note of issue and statement of readiness. Lazer, J. P., Bracken, O'Connor and Brown, JJ., concur.