■ HYMAN & GILBERT, P. C., Respondent, v ARNOLD GREEN-STEIN, Appellant.—In an action to recover $1,350 as compensa-

tion for legal services, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered February 2, 1987, which denied that branch of his motion which was to strike the note of issue and granted that branch of his motion which was for an order directing the plaintiff to respond to a combined "Demand for Bill of Particulars/Interrogatories" only with respect to items Nos. 1, 9, 10, 11 and 12, and an order of the same court, also entered February 2, 1987, which *sua sponte* transferred the action to the City Court of the City of New Rochelle.

Ordered that the order which denied that branch of the motion which was to strike the plaintiff's note of issue is modified by deleting the provision thereof which denied that branch of the motion, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed; and it is further,

Ordered that the order transferring the matter to the City Court of the City of New Rochelle is reversed; and it is further,

Ordered that the appellant is awarded one bill of costs.

In August 1986 the plaintiff, a professional corporation having its place of business in New Rochelle *(see,* UCCA 213 [b]), commenced this action in the Supreme Court, Westchester County, to recover $1,350 as compensation for legal services allegedly performed for the defendant, a resident of New Jersey. The defendant was personally served with process in New Jersey pursuant to CPLR 313. He purportedly served his verified answer by mail on September 2, 1986. However, the plaintiff apparently did not receive the answer prior to serving and filing a note of issue on September 16, 1986, as evidenced by the fact the plaintiff left blank the space on the note of issue for recording the date issue was joined. By notice of motion dated November 28, 1986, the defendant moved *pro se* to strike the case from the calendar on the ground he had not had an opportunity to conduct discovery prior to service of the note of issue, and requested an order directing the plaintiff to respond to a combined demand for a "Bill of Particulars/ Interrogatories". While this motion was pending, a pretrial conference was held, at which time the Supreme Court indicated an intention to transfer the action to the City Court of the City of New Rochelle. The defendant opposed the transfer on the ground the City Court of the City of New Rochelle lacked personal jurisdiction over him. In the orders appealed from, the Supreme Court (1) denied the defendant's motion to strike the note of issue, but directed the plaintiff to respond to

items Nos. 1, 9, 10, 11 and 12 of the combined demand for a bill of particulars and interrogatories, and (2) *sua sponte* transferred the action to the City Court of the City of New Rochelle, pursuant to NY Constitution, article VI, § 19.

NY Constitution, article VI, § 19 authorizes the Supreme Court to transfer an action not within its exclusive jurisdiction, without the consent of the parties *(see, Hesse v Hrubsa,* 55 Misc 2d 610, 611, *appeal dismissed* 57 Misc 2d 913; *Haas v Scholl,* 68 Misc 2d 197; *Alacqua v Baudanza,* 110 Misc 2d 774, 778), directly to a court of limited jurisdiction. However, such a transfer is conditioned on the provision that the lower court "has jurisdiction over the classes of the persons named as parties". "Classes of persons" as used in this constitutional provision encompasses those persons over whom the lower court might have obtained jurisdiction had the action been initially commenced there *(see, Hesse v Hrubsa, supra; Rochester Tel. Corp. v Kirchner,* 97 Misc 2d 725; *Mosera v Knoblauch & Sons,* 145 NYS2d 344; *Friedman v Strand,* 203 Misc 170; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 325.18). The long-arm jurisdiction of the City Courts *(see,* UCCA 404 [a]) is not as broad as that of the Supreme Court *(see,* CPLR 302), because service of process is restricted to the home county or an adjoining county *(see,* NY Const, art VI, § 1 [c]; UCCA 404 [b]). Although the City Court of the City of New Rochelle would have had jurisdiction over the subject matter of the instant action, service of process on the defendant in New Jersey could not have secured personal jurisdiction by the City Court of the City of New Rochelle over the defendant. Consequently, the Supreme Court erred in transferring the action to the City Court of the City of New Rochelle, in the absence of the defendant's consent to personal jurisdiction *(see, Rochester Tel. Corp. v Kirchner, supra; Mosera v Knoblauch & Sons, supra).* To permit such a transfer, over the defendant's objection, would result in utilizing "the Supreme Court as a vehicle to enlarge the territorial jurisdiction of a [City C]ourt. The net effect would be to convert the Supreme Court into a processing agent for [City] Court cases—with all the necessary and concomitant judicial attention, clerical service and public expense; and to expand the jurisdiction of the [City] Court—so as to permit it to hear and determine causes beyond those set for it by [the State Constitution]" *(Friedman v Strand,* 203 Misc 170, 171-172, *supra).*

We also conclude that it was an improvident exercise of discretion to deny the defendant's motion to strike the note of issue, albeit the motion was untimely and the defendant's

excuse does not adequately explain the entire period of delay. Upon reviewing the record, we find that the plaintiff prematurely served and filed a note of issue and statement of readiness prior to the expiration of the defendant's time to serve an answer *(see,* CPLR 320 [a]). Clearly, this is not a situation where the defendant had an ample opportunity, but failed to complete discovery *(cf., Gravina v First Presbyt. Church,* 103 AD2d 819; *Di Maria v Coordinated Ranches,* 114 AD2d 397; *Gerardi v Incorporated Vil. of Val. Stream,* 111 AD2d 741). The defendant has demonstrated a need for discovery *(see, Colella v Colella,* 99 AD2d 794) and, under the unusual circumstances of this case, his motion papers suffice to show good cause for vacating the note of issue.

Lastly, we note that the defendant may not serve written interrogatories on the plaintiff and also demand a bill of particulars *(see,* CPLR 3130 [1]; *Sassower v New York News,* 101 AD2d 1020). The Supreme Court properly construed defendant's demand as one for a bill of particulars. The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial with respect to a party's claim *(see, Matter of Reynolds,* 38 AD2d 788). It is not intended as a means for disclosure of evidence or for the identification of witnesses *(see, State of New York v Horsemen's Benevolent & Protective Assn.,* 34 AD2d 769; *Bennett Excavators Corp. v Lasker Goldman Corp.,* 7 AD2d 1001). Since only items Nos. 1, 9, 10, 11 and 12 requested matter within the proper scope of a bill of particulars, the court properly directed the plaintiff to respond only to those items. Thompson, J. P., Weinstein, Rubin and Harwood, JJ., concur.