■ Phillip Young, Doing Business as Affordable Paving, Respondent, v Destaso Funding, LLC, et al., Appellants, et al., Defendant. [938 NYS2d 476]—

On November 20, 2009, four days after the appellants served a verified answer to the complaint, the plaintiff's counsel filed a note of issue and certificate of readiness affirming that "[d]iscovery proceedings now known to be necessary completed," "[t]here are no outstanding requests for discovery," and "[t]here has been a reasonable opportunity to complete the *foregoing proceedings.*"

The plaintiff's certificate of readiness incorrectly stated that discovery proceedings known to be necessary were completed and that there had been a reasonable opportunity to complete

discovery proceedings. Because these were misstatements of material fact, the filing of the note of issue was a nullity, and should have been vacated (*see* 22 NYCRR 202.21 [e]; *Gaskin v Ilowitz,* 69 AD3d 563 [2010]; *Gregory v Ford Motor Credit Co.,* 298 AD2d 496 [2002]; *Hyman & Gilbert v Greenstein,* 138 AD2d 678 [1988]; *48-48 Assoc. v Solow,* 97 AD2d 742 [1983]; *Empire Mut. Ins. Co. v Moore Bus. Forms,* 88 AD2d 819 [1982]).

The evidence submitted by the appellants in support of their motion for summary judgment dismissing the complaint insofar as asserted against them failed to eliminate any triable issue of fact with respect to whether the appellants owed the plaintiff's decedent any additional money for the work that he performed (*see* CPLR 3212 [f]; *Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Since the appellants failed to meet their prima facie burden, it is unnecessary to determine whether the submissions in opposition to that branch of the motion raised a triable issue of fact (*see Poverud v Kwartler,* 90 AD3d 729 [2011]). Accordingly, the Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.