## SJB RE Holdings, LLC v Gifford

2024 NY Slip Op 30924(U)

March 21, 2024

Supreme Court, Saratoga County

Docket Number: Index No. EF20233420

Judge: Richard A. Kupferman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SARATOGA

---

SJB RE HOLDINGS, LLC, SAMUEL J.
BETTER and THE LAW OFFICE OF
SAMUEL J. BETTER, PLLC,

        Plaintiffs,      **DECISION & ORDER**

   -against-          Index # EF20233420

RYAN GIFFORD, GABRIELLE GIFFORD and
TERENCE J. DEVINE,

        Defendants.

---

Appearances:

Samuel J. Better, Esq.
The Law Office of Samuel J. Better, PLLC
103 Broad Street
Waterford, New York 12188
*Attorney for Plaintiffs*

Terence J. Devine, Esq.
Devine & Bruno, LLP
52 Corporate Circle, Suite 207
Albany, New York 12203
*Attorneys for Defendants*

KUPFERMAN, J.,

Plaintiffs filed a verified complaint against Defendants on December 5, 2023. The first four causes of action in the complaint are against Defendants Ryan Gifford and Gabrielle Gifford (the "Giffords") for breach of contract, negligence, gross negligence, and tortious interference. These claims allege that the Giffords (tenants) breached a lease agreement by engaging in conduct prohibited under the terms of the lease and that they further caused damage by flushing feminine hygiene products down the toilet.

1

The remaining two claims in the complaint (the fifth and sixth causes of action) are asserted against the Giffords and their litigation counsel, Defendant, Terence J. Devine ("Devine"). These claims are based on statements that Devine made on the record during a court proceeding in the Waterford Town Court. The fifth cause of action is for defamation and seeks $1,000,000 in punitive damages, while the sixth cause of action seeks to recover monetary damages under Judiciary Law § 487.

Devine now seeks to dismiss the fifth and sixth causes of action alleged in the complaint pursuant to CPLR 3211(a)(7), for failure to state a cause of action, and requests an Order for sanctions and counsel fees based on frivolous conduct. The Plaintiffs have cross-moved to amend the complaint and consolidate the Waterford Town Court action with this action (see CPLR 602). The proposed amendment makes changes to the caption and the allegations made in the complaint. Among other things, the proposed amendment changes the fifth cause of action from "Defamation" to "Slander Per Se" and removes the demand for $1,000,000 in punitive damages. In response, Devine contends that the revisions do not correct the defects with the pleading and that the fifth and sixth causes of action are still frivolous.

### Summary of the Allegations Made By Plaintiffs in this Action

The Plaintiff LLC and the Giffords were parties to a lease agreement (the "Lease") for a lease term commencing on or about October 1, 2022. The Lease was on a month-to-month basis and ended in June of 2023. The Plaintiffs allege that during the landlord-tenant relationship, the Giffords breached their agreement by: removing and installing a light fixture on two occasions in the kitchen; damaging the sheetrock by tearing off a 3m hook(s) and a cable cover; damaging the sheetrock by installing and hanging several pictures, curtains, metal bars and/or other items; allowing guests to reside in the Premises without notifying the landlord; having a dog temporarily

2

in the Premises; turning off the utilities to the Premises before vacating; and allegedly flushing feminine hygiene products down the toilet.

As a result of the damage to the sheetrock, the Plaintiff LLC allegedly had to repair the sheetrock and paint the apartment. As a result of the feminine hygiene products being flushed down the drain, the Plaintiffs LLC and Samuel J. Better ("Better") allege that they had to: attempt to snake the drain line; then subsequently hire a plumber to snake the same; and clean the Premises from the sewage that overspilled. The Plaintiffs also allege that the plumbing problems caused significant disturbances to the tenant businesses and the residential tenant in the building. The Plaintiffs also allege that the Giffords' guest caused noise disturbances on one occasion; that the Giffords failed to notify the landlord of a dryer issue; and that the Giffords failed to pay their pro-rated rent for December 2022.

After the Giffords left the Premises, Plaintiff Better (as counsel and sole member of the LLC) sent them a letter dated July 3, 2023. In the letter, Better informed the Giffords that they had caused damage to the Premises. Better estimated that it cost a total of $4,300.13 to repair and/or fix the damage. He credited the Giffords a total of $2,371.05 for the value of the security deposit, insurance proceeds, and a rental reimbursement. He further informed the Giffords that he was keeping their security deposit and insurance proceeds since the cost of repairs exceeded the value of the deposit and proceeds.

The Giffords disputed that they caused the damage and that Better was entitled to retain their security deposit. Defendant Ryan Gifford filed a small claims court action in Waterford Town Court against Better for $2,371.05. At a court appearance, Devine appeared on behalf of Ryan Gifford. At the appearance, Devine allegedly stated twice on the record that Better had engaged in "self help."

3

[* 3]

As the basis for the claims made against Devine at this Court, the Plaintiffs allege, upon information and belief, that the statements were made to insinuate that Better had committed a "self help" eviction, which is an unclassified misdemeanor under RPAPL § 768, or in the alternative, an actionable civil action under RPAPL § 853. The Plaintiffs allege that they never engaged in the any "self help" conduct against the Giffords. The Plaintiffs also allege that Devine's statements were tortious (slander per se) and made with reckless disregard of the truth, and with the intent of securing a judgment in the Town Court to injure Better in his profession, as well as to attempt to have him charged with a crime under RPAPL § 768. The Plaintiffs further allege that Devine's words and accusations were and are wholly false and constitute ethics violations of the New York State Rules of Professional Conduct, fraud upon the Town Court, and an improper attempt to threaten criminal conduct in a civil proceeding.

## Analysis

On a motion to dismiss under CPLR 3211(a), the Court must "accept the facts as alleged in the complaint as true, accord plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Connaughton v. Chipotle Mexican Grill, Inc., 29 NY3d 137, 141-142 [2017] [internal quotation marks, brackets, and citation omitted]). "Dismissal of the complaint is warranted if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (id. at 142).

"In opposition to such a motion, a plaintiff may submit affidavits to remedy defects in the complaint" (Cron v Hargro Fabrics, 91 NY2d 362, 366 [1998] [internal quotation marks and citations omitted]). "[S]uch additional submissions of the plaintiff, if any, will similarly be given their most favorable intendment" (id. [internal quotation marks and citation omitted]).

4

The Court agrees that the fifth and sixth causes of action fail to state a claim. The original complaint, for example, is defective because it does not contain "the particular words complained of" to support the defamation/slander claim, as required by CPLR 3016 (a). While Plaintiffs have since provided this Court with a copy of the transcript to review, the Court does not consider any of the statements made during the Town Court appearance as actionable, even when viewed in the light most favorable to the Plaintiffs.

As reflected in the transcript, the first time that Devine said the words complained of – i.e., "self help" - he was advocating his client's position that Better had no basis to withhold the security deposit and that Better had simply helped himself to the insurance proceeds. The transcript reads, as follows:

> "MR. DEVINE: He's withheld security deposit and has exercised self help on certain --
>
> MR. BETTER: Absolutely --
>
> MR. DEVINE: -- insurance proceeds that he was holding that essentially are to be paid to my client. The, the bogus claim is his basis for withholding the security. He's violated the lease, he's violated the law" (NYSCEF Document Number 36, Transcript, at pp. 3-4 [emphasis added]).

In the second instance, Devine was explaining that the lease required a walk through before the termination of the tenancy and that Ryan Gifford had talked with Better several times about a walk through. Devine further explained that Better failed to perform a walk through as promised and instead exercised "self help" by proceeding to unilaterally find and repair alleged defects at the Giffords' expense, and without allowing the Giffords to be present for the final inspection (Transcript, at pp. 5-6). The transcript reads, as follows:

> "MR. DEVINE: The lease specifically required that one to two weeks before the termination of this month-to-month tenancy, that

5

he would go in and do a walk through with them. He would point out repairs and cleaning that would be necessary. Never did it at all.

He says that Mr. Gifford abandoned the property. He knew that Mr. Gifford and his wife were moving up the Northway, bought a house. It was agreed that they would have through the end of June and, in fact, paid all the rent through the end of June. When they turned on the electricity at the new house, National Grid turned off the apartment. But it was summer, there's no danger of cold, no burst pipes, nothing.

No effort was made to contact him to see if he was abandoning it. Instead, [he] went in and exercised self help, said there were all these things wrong, paid twenty-six hundred dollars to painters to completely redo the place. It's not a matter of there was some damage, there's wear and tear in any apartment. This was completely recreating it [emphasis added].

In his letter saying we're not entitled, he points out two things in particular. One, some damage to a wall from removing a cable cover and damage to a wall from removing a 3M hook. He personally had repaired those earlier. They were there, that wasn't from the Giffords, that was from the prior tenant. He personally went in. This wasn't a matter of he hired somebody. He went in, patched them, didn't even paint over them. But he repaired them early in the tenancy. So that whole paragraph, it comes down to there are several holes from pictures basically and he repainted the entire place.

...

MR. DEVINE: ... what you put forward is a violation of law, violation of the lease. You've essentially accused him of damaging your property by intentionally putting tampons down the drain. One, his wife was pregnant. Two, they didn't even live there at the time. Three, you've arbitrarily decided out of all the tenants in the building, had to be him. I don't know if you collected from anybody else, maybe you did, but you can't arbitrarily say he did it. There's no proof, there is nothing" (Transcript, at pp. 5-8).

Contrary to Better's imagination, no basis exists to conclude that Devine was accusing Better of engaging in a self-help eviction or violating Section 768 or 853 of the RPAPL. There was no mention of any eviction, nor any accusation about Better violating these provisions. To the contrary, Devine was simply explaining that Better helped himself to the insurance proceeds

6

(i.e., retained them for himself) and that Better also made the repairs and charged for them without providing the Giffords with the proper notice and procedure required by the lease and the law. At best, Devine was accusing Better of violating General Obligations Law § 7-108, which was pertinent to the claim seeking the return of the security deposit.

Further, it is well settled that "a statement, made in open court in the course of a judicial proceeding, is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation" (Martirano v Frost, 25 NY2d 505, 507 [1969]). As explained by the Court of Appeals, nothing "said in the court room may be the subject of an action for defamation unless … the statement [is] so outrageously out of context as to permit one to conclude, from the mere fact that the statement was uttered, that it was motivated by no other desire than to defame" (id. at 508).

As is readily apparent, the statements complained of were made in open court and challenged the basis for Better's retention of the security deposit and the charges for repairs. Such statements were absolutely pertinent to the litigation and, as such, are privileged (see id.; Gill v Dougherty, 188 AD3d 1008, 1010 [2d Dept 2020] ["The cause of action alleging defamation failed because the challenged statements were absolutely privileged as a matter of law and cannot be the basis for a defamation action"]).

The allegations in the pleading and opposition papers similarly fail to allege sufficient facts to state a cause of action under Judiciary Law § 487.[1] Even when viewed in the light most favorable to the Plaintiffs, the statements made by Devine were not deceitful in any manner at all

---

[1] As relevant here, Judiciary Law § 487 provides that an attorney who is "guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" is "guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action" (Judiciary Law § 487).

7

(see Gill, 188 AD3d at 1009). In fact, it is readily apparent that under no circumstances could a reasonable person conclude that Devine accused Better of any crime or engaged in any attorney misconduct.

Accordingly, the Court finds that the complaint (even as amended) fails to state a cause of action for defamation, slander, and/or a violation of the Judiciary Law. The fifth and sixth causes of action are therefore **DISMISSED**.

<u>Motion for Sanctions and Counsel Fees</u>

The Court further grants Devine's request for sanctions and counsel fees. 22 NYCRR 130-1.1 provides, as follows:

> "The court, in its discretion, may award to any party or attorney in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part. In addition to or in lieu of awarding costs, the court, in its discretion may impose financial sanctions upon any party or attorney in a civil action or proceeding who engages in frivolous conduct as defined in this Part ..." (22 NYCRR 130-1.1 [a]).

Conduct is frivolous under 22 NYCRR 130-1.1 if "it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;" "it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another;" or "it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]; see Miller v Falco, 170 AD3d 707, 710 [2d Dept 2019]). "In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct, and whether or not the conduct was continued when its

8

lack of legal or factual basis was apparent, or should have been apparent, or was brought to the attention of counsel or the party" (22 NYCRR 130-1.1 [c]).

Here, the Court finds that the fifth and sixth causes of action are frivolous. The Plaintiffs have completely misrepresented what Devine said during the Town Court action. As explained above, no good faith basis existed for Better to allege that Devine had accused him of evicting the Giffords or committing a crime. These allegations made by Plaintiffs were completely fabricated by them to conjure up the claims against Devine. In addition, as explained above, the Plaintiffs lacked a good faith basis to allege that Devine deceived (or had the intent to deceive) the Town Court.

The Court further finds that the statements were made to harass the Defendants and improperly pressure them into abandoning/compromising the claim for the return of their security deposit and insurance proceeds. The law on privilege in the context of litigation is also well settled and exists for a reason. Better's decision to commence this defamation and misconduct claim against Devine (his adversary in the Town Court action) was entirely improper and crossed the line between zealous advocacy and frivolous conduct.

Further, the Plaintiffs had plenty of time to investigate the legal and factual basis for the fifth and sixth causes of action. Rather than discontinue the claims, the Plaintiffs continued this conduct by realleging these frivolous claims in their proposed amended complaint, even after Devine requested sanctions/fees.

Based on these circumstances, the Court exercises its discretion and grants that branch of Devine's motion pursuant to 22 NYCRR 130-1.1 (a) to impose a sanction upon the Plaintiffs consisting of costs in the form of an attorney's fee. The Court finds this appropriate given the amount of time and resources Devine has had to expend to defend against these baseless claims.

9

[* 9]

Among other things, Devine has had to file a motion, oppose a cross motion, conduct research, prepare moving and opposition papers (including a memorandum of law and a reply memorandum), and appear for oral argument. The Court, however, declines to award the entire amount requested by Devine.

A lot of the legal work performed by Devine was somewhat repetitive (multiple submissions and repetitive arguments) and this same result could have been achieved with less time expended. In addition, the legal issues (defamation, attorney misconduct, privilege, and frivolous conduct) were relatively simple and involved the application of well-settled law. As Devine had an associate and other staff available to assist him, most of this work could have been performed by them at a lower rate. The Court further declines to award the full value of the attorney's fees or any other sanctions given that Better was very respectful to this Court and hopefully will modify his behavior moving forward to avoid finding himself in this same situation.

Based on the circumstances, the Court finds that it is reasonable and appropriate to award costs to Devine for reasonable attorney's fees in the amount of $4,000.00, which is based on 5 hours of legal services at a rate of $400 per hour and an additional 10 hours of legal services at a rate of $200 per hour.

Cross Motion to Amend

The Plaintiffs have requested permission to amend the caption and the complaint. If such amendments concerned only the fifth and sixth causes of action, the Court would have denied the request as patently devoid of merit. The Plaintiffs, however, have also proposed changes to the other claims in the complaint. The Court therefore grants the Plaintiffs' request to amend the caption and the complaint, as no prejudice has been shown to deny this request (see CPLR 3025).

10

The Giffords are directed to prepare and file an answer to the amended complaint within 30 days of this decision.

<u>Cross Motion to Consolidate; Court's Sua Sponte Transfer to Town Court</u>

Further, the Plaintiffs allege that they have incurred damages in the amount of $4,300.13. However, they have already offset/credited this amount by $2,371.05 by keeping the Giffords' security deposit, insurance proceeds, and rental reimbursement. As such, the Plaintiffs are apparently seeking to <u>recover</u> a total amount of only $1,929.08 in damages ($4,300.13 - $2,371.05). This amount is well within the jurisdictional limits of the Waterford Town Court (UJCA § 202 ["the court shall have jurisdiction of actions and proceedings <u>for the recovery of money</u> or chattels where the amount sought <u>to be recovered</u> or the value of the property does not exceed $3000"]; <u>see also</u> UJCA § 208).

Considering the limited amount in dispute, as well as the pendency of the related action in the Waterford Town Court, the Court denies the Plaintiffs' motion to consolidate at this Court. Instead, the Court finds it more appropriate to exercise its discretion to transfer this action to the Waterford Town Court (<u>see</u> NY Constitution, article VI, § 19; <u>Hyman & Gilbert, P. C. v Greenstein</u>, 138 AD2d 678, 680 [2d Dept 1988]; <u>see also</u> CPLR 325[d]; Uniform Civil Rules for Trial Courts § 202.13).

It is therefore,

**ORDERED**, that the Plaintiffs' cross motion seeking to amend the caption and the complaint is **GRANTED** and the amended complaint is deemed filed and served as of the date of this decision (NYSCEF Document No. 30). The Defendant Giffords are hereby directed to file in this action (by NYSCEF) an answer to the amended complaint on or before **April 19, 2024**; and it is further

11

**ORDERED,** that the motion made by the Defendant, Terence J. Devine seeking to dismiss the complaint (and amended complaint) against him is **GRANTED** and that the fifth and sixth causes of action in the amended complaint are hereby **DISMISSED**; and it is further

**ORDERED,** that the motion made by the Defendant, Terence J. Devine seeking sanctions and counsel fees is **GRANTED** and the Defendant, Terence J. Devine is awarded costs for his reasonable attorney's fees in the amount of $4,000.00 to be paid by the Plaintiffs within 45 days of the entry of this Order; and it is further

**ORDERED,** that the Plaintiffs' motion seeking to consolidate the Waterford Town Court action with this action is **DENIED**; and it is further

**ORDERED,** that the case is transferred, <u>sua sponte</u>, to the Waterford Town Court. The Plaintiffs are directed to notify the clerk of the Waterford Town Court of this transfer, provide the clerk with a copy of this Order and the pleadings filed in this action, and prepare/file any additional papers as may be necessary to effectuate and facilitate the transfer; and it is further

**ORDERED,** that the portion of this Order directing a transfer of this action is stayed for 45 days to allow the remaining defendants the opportunity to prepare and file an answer to the amended complaint and to afford the parties and their counsel an additional opportunity to attempt to resolve their dispute prior to proceeding to the Town Court.

This shall constitute the Decision and Order of the Court. The Court is hereby uploading the original decision into the NYSCEF system for filing and entry by the County Clerk. The Court further directs the parties to serve notice of entry in accordance with the Local Protocols for Electronic Filing for Saratoga County.

Dated: March 21, 2024
at Ballston Spa, New York

HON. RICHARD A. KUPFERMAN
Justice Supreme Court

12