ROSE BISCHOFF, Plaintiff, *v.* WM. SCHNEPP, INC., Defendant.*

City Court of New York, Bronx County, May 29, 1930.

*Rene H. Karsten*, for the plaintiff.

*Ireland, Caverly & Hendrickson*, for the defendant.

KOCH, J. This is a motion to set aside the service of a summons on the ground that the court has not acquired jurisdiction of the person of the defendant.

The summons was served under the provisions of section 52 of the Vehicle and Traffic Law by service upon the Secretary of State at Albany, and by mailing a copy to the defendant at its address in New Jersey.

The defendant contends that the service is void because, (1) Section 52 of the Vehicle and Traffic Law does not apply to a corporation; (2) service of process of the City Court on the Secretary

---

* See *contra, Marcus* v. *Day* (139 Misc. 283).

of State at Albany is unconstitutional as being beyond the territorial jurisdiction of the City Court of the City of New York.

As to the first point, I am of the opinion that the section applies to a corporation as well as to a natural person. A corporation acts only through its agents or servants and operation by them of a motor vehicle is operation by the corporation. A corporation can be a resident of a State and I believe a fair interpretation of the language would make the section apply to a corporation. I do not believe that the case of *O'Tier* v. *Sell* (252 N. Y. 400) is applicable.

Point 2, however, presents a matter on which there will be a serious difference of opinion. The case of *American Historical Society* v. *Glenn* (248 N. Y. 445) held that that section of the City Court Act authorizing service of process of the City Court of the City of New York outside the territorial limits of the city of New York (City Court Act, § 27) was unconstitutional, and that service of process of that court must be effected within those limits. The question presented, therefore, is whether service upon the Secretary of State at Albany, under section 52 of the Vehicle and Traffic Law, is service outside the territorial limits of the city of New York. Mr. Justice SHIENTAG of this court has considered this question in the case of *Bessan* v. *Public Service Coordinated Transport* (135 Misc. 368). He there holds that section 52 of the Vehicle and Traffic Law applies to process of the City Court of the City of New York and that service as provided for thereunder is good service of process of the City Court, pointing out among other things that if it had been the intention of the Legislature to limit the operation of the statute to cases brought in the Supreme Court, it would have been a simple matter to have had the language of the section so read, and that the Secretary of State, being a State officer, exercises his powers and duties throughout the physical territorial boundaries of the State, and for the purpose of discharging those duties, he may be deemed to be constructively present in every part of the State.

However much I am inclined to agree with the learned judge as to the practical benefits that would flow from the application of the methods of service authorized in section 52 of the Vehicle and Traffic Law to process of the City Court, I am unable to agree with the legal conclusion reached by him. The City Court of the City of New York is a constitutional court of limited jurisdiction. Changes in its jurisdiction and powers can be made only through constitutional amendment. Its territorial jurisdiction could not be enlarged by an ordinary act of the Legislature, such as the Vehicle and Traffic Law. In the service of process of a court

there can be no fiction as to persons or locations and by no stretch of the imagination can Albany, N. Y., be brought within the territorial confines of the city of New York. It is a matter of no moment that a State official is involved in the service. The problem presented involves the right of due process guaranteed by the Constitution of the United States and by our State Constitution. No particular hardship is involved in holding that the section does not apply to the City Court. All the rights and remedies which litigants had before the enactment of this provision are still available, and besides, the benefits of the section can be obtained through the agency of the Supreme Court. Furthermore, these benefits may, if it is considered desirable, be conferred upon the City Court by constitutional amendment inaugurated by the appropriate action of the Legislature.

I, therefore, hold that service of process of the City Court of the City of New York on the Secretary of State, under the provisions of section 52 of the Vehicle and Traffic Law, unless such service is made within the territorial limits of the city of New York, is void. The motion to vacate the service of the summons is, therefore, granted.