Jambs B. M. McNally, J.
This is a motion by the defendant, Ila Hairdressers, Inc., to retax the bill of costs and to modify the judgment so as to eliminate costs. The plaintiff recovered the sum of $3,000 in an action against the defendants. The moving-papers allege that both defendants are domestic corporations, having their principal place of business in the city of New York; that since plaintiff has recovered the sum of $3,000 in an action in this court she is not entitled to recover costs.
The plaintiff in opposition to the motion states that jurisdiction could not be obtained over the defendants and therefore she was obliged to serve the Secretary of State in the city of Albany. It is because of this fact that the plaintiff claims she is entitled to tax costs. Under either subdivision (A) or subdivision (B) of section 24 of the Stock Corporation Law, the Secretary of State is the agent of a corporation ‘ ‘ upon whom process in any action or proceeding against it may be served ”. The last sentence of section 25 of the Stock Corporation Law reads: “If the action or proceeding is instituted in a court of limited jurisdiction, service of process may be made in the manner provided in this section if the * * * office of the defendant corporation * * * is within such territorial jurisdiction.” Plaintiff therefore could have served the Secretary of State if the present action had been in the City Court. That the plaintiff could have obtained jurisdiction in the City Court is further indicated by the decision in Less v. 11 West 42nd St., Inc. (274 App. Div. 932) which reads as follows: “ The action is in the City Court of the City of New York, County of Kings. The defendant is a domestic corporation with offices within the city of New York, and the cause of action accrued there. The summons and complaint were delivered in Albany to the Secretary of State, as agent of the defendant corporation, *82 as provided in section 25 of the Stock Corporation Law. Order of the Appellate Term affirming the order of the City Court which denies the defendant’s motion to vacate the service of the summons and complaint, unanimously affirmed, with costs. (Pohlers v. Exeter Mfg. Co., 293 N. Y. 274.) ”
The plaintiff having, instituted the action in this court and recovered less than the statutory amount is therefore not entitled to the taxation of costs. The plaintiff’s argument based on the dissolution of Dorosy, Inc., on December 23, 1952, is untenable in view of the fact that service was made on said defendant on April 22, 1952. (See affidavit of Leonard H. Bernstein sworn to February 16, 1956.) The motion is granted. Settle order.