Louis L. Friedman, J.
In this negligence action, defendant moves for summary judgment on the ground that the affirmative defense of Statute of Limitations interposed in defendant’s answer must be sustained. The facts are not in dispute. The *45 complaint seeks to recover for injuries alleged to have been received by plaintiff wife on June 2, 1958, when a portion of a ceiling in the apartment where she resided fell and struck her. The answer contains a general denial and the affirmative defense of the Statute of Limitations. It appears that on May 25, 1961, a summons in an action in the City Court of the City of New York was delivered to the Sheriff of the City of New York. On August 17, 1961, the Sheriff returned it unserved. Prior to such return, and on July 28, 1961, plaintiff delivered a summons in an action in the Supreme Court between the same parties, to the Sheriff of Albany County for service upon the Secretary of State and service was effected on August 2, 1961. Delivery of the summons in the action in the City Court to the Sheriff of the City of New York with intent that it be served on the defendant tolled the statute in that action (Civ. Prac. Act, § 17). However, no service of that summons was made within 60 days, as required by said section. Since service on the Secretary of State of the summons in the Supreme Court action was made more than three years after the cause of action accrued, the action is barred by the Statute of Limitations (Civ. Prac. Act, § 49). It was not necessary for plaintiff to file the summons in the City Court action with the Sheriff since service could very well have been effected prior to the expiration of the limitation period by serving the same on the Secretary of State in the City of New York under section 25 of the Stock Corporation Law if the office of the defendant was within the City of New York (cf. Less v. 11 West 42nd St., 274 App. Div. 932; Pohlers v. Exeter Mfg. Co., 293 N. Y. 274; Davis v. Ila Hairdressers, 3 Misc 2d 80). Service in the Supreme Court action could also have been effected upon the Secretary of State in Albany prior to the limitation period. The City Court summons was never served upon the defendant either directly or through the Secretary of State and the Sheriff returned it to the plaintiff because of such nonservice. That action was therefore never pending and the tolling of the Statute of Limitations by delivering it to the Sheriff actually served no purpose. The summons in the Supreme Court action was served after the expiration of the statutory time. Accordingly, the affirmative defense of the Statute of Limitations must be sustained. The motion for summary judgment is therefore in all respects granted.