Jack Mackston, J.
Plaintiff sues to recover damages for breach of implied warranty of fitness, alleging that the automobile manufactured by defendant Ford Motor Company (Ford) and sold to him by defendant Ted’s Ford, Inc. was defectively constructed and of inferior quality, the retailer has cross-claimed against the manufacturer alleging that liability, if any, rests with the latter.
Both the complaint and cross complaint allege that Ford is a foreign corporation authorized to do business in New York.
Defendant Ford, purportedly served by personal service of process upon the Secretary of State at Albany (Business Corporation Law, § 306, subd [b]), now moves to dismiss the complaint and cross complaint pursuant to CPLR 3211 (subd [a], par 8) and section 1002 of the UCCA on the ground that the court lacks in personam jurisdiction over it, contending, that such service was violative of the prohibitions of subdivision (b) of section 404 of the UCCA and section 1 of article VI of the New York State Constitution which appear to limit service of City Court process to its own or adjoining counties.
Subdivision (b) of section 404 of the UCCA provides in part: "Service of summons under this section may be made in any part of the county or any adjoining county”.
Article VI (§ 1, subd c) of the New York State Constitution provides in part: "The legislature may provide that processes * * * of * * * city courts outside the city of New York may be served * * * in any part of the county in which such courts are located or in any part of any adjoining county.”
However, section 403 of the UCCA provides: "Service of summons shall be made * * * only within the county unless service beyond the county be authorized by law in this act or elsewhere. ” (Emphasis supplied.)
It may be reasonably argued that use of the word "elsewhere” indicates legislative intent to permit service upon the Secretary of State as an alternate method for obtaining jurisdiction over an assenting corporation (Business Corporation Law, §§ 304, 306), provided other jurisdictional requirements hereinafter referred to are satisfied.
The Practice Commentary appearing in the supplement to section 403 of the CCA indicates: "It was the aim of the Court Reorganization Committee * * * to permit the * * * BCL *988 provisions to apply in the city courts to whatever extent they might be constitutionally permitted to do so * * * and the legislative intent of those who drafted those provisions was apparently to permit service of process in the widest possible area, even in courts of limited jurisdiction”. (Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, 1976-1977 Pocket Part, CCA, § 403, p 53.)
Accordingly, this court holds that the territorial limitations of subdivision (b) of section 404 of the UCCA and section 1 of article VI of the New York State Constitution, do not prohibit domestic and foreign corporations from consenting to other means of acquiring jurisdiction, such as service upon the Secretary of State, though such consent is required as a precondition to doing business in this State (Business Corporation Law, §§ 304, 306; Pohlers v Exeter Mfg. Co., 293 NY 274).
However, in order for the court to obtain jurisdiction certain allegations must appear, to wit: (1) the complaint must show that the corporate defendant has an office within the court’s territorial jurisdiction (Business Corporation Law, § 306, subd [c]) that is, within its county if service is made pursuant to section 403 of the UCCA, or within an adjoining county, if service is made in accordance with section 404 (subd [a], par 1) of the UCCA (long arm), in which latter case it must also be alleged that defendant, individually or through an agent, transacted business within the city; and (2) in any case, the summons must state the action is within the court’s jurisdiction (Business Corporation Law, § 306, subd [c]; Mc-Keever v Supreme Ct. of Ind. Order of Foresters, 122 App Div 465).
It is to be noted that sections 304 and 306 of the Business Corporation Law do not extend the territorial jurisdiction of the court but merely provide an alternative method of service since, if the requirements are met, that is, that the corporate defendant has an office within the court’s jurisdiction, personal service could be made upon such defendant directly.
In the present case, the jurisdictional allegations referred to above having been omitted, the summons and complaint as drawn are dismissed without prejudice to recasting, serving and filing the same if such action is appropriate.