OPINION OF THE COURT
David B. Saxe, J.
The principal issue that I must resolve on this application to vacate a default judgment is whether service of process upon the New York State Secretary of State is sufficient to confer jurisdiction over a domestic corporation sued in the Civil Court of the City of New York. The plaintiff claims that it is. The defendant, advancing a seemingly novel argument, says that it is not.
The defendant relies on CCA 701 (subd [a]) which states that: “In an action or proceeding brought in the court, all processes and mandates may be served or executed only within the city of New York unless this act otherwise provides.”
The defendant goes on to contend that it knows of no provision authorizing service of the summons in the situation presented here beyond this court’s territorial jurisdiction. The defendant continues by acknowledging that the plaintiff may point to section 306 of the Business Corporation Law as purported authority for the exception provided by the statute but notes that the exception is not contained in the New York City Civil Court Act and therefore is not provided by this act.
*735 Defendant’s contention that this court does not have the jurisdiction to decide the present controversy is without merit. The New York State Constitution permits the process of the civil and other courts of limited jurisdiction to be served anywhere in the State if the Legislature so provides. (Art VI, § 1, subd c.) The Legislature has seen fit to provide the Civil Court with such jurisdiction. CCA 403, in pertinent part, reads as follows: “Service of summons shall be made in the manner prescribed in supreme court practice, but it shall be made only within the city of New York unless service beyond the city be authorized by this act or by such other provision of law, other than the CPLR, as expressly applies to courts of limited jurisdiction or to all courts of the state.” (Emphasis supplied.) (As amd by L 1964, ch 437, § 2; L 1965, ch 523, § 3, eff Sept. 1,1965.) This has been interpreted to apply to the Business Corporation Law. (Business Corporation Law, § 306; see Siegel, Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, 1983-1984 Pocket Part, CCA 306, pp 59-60.)
Moreover, service of the summons and complaint upon the Secretary of State in Albany County does not deprive this court of jurisdiction of the court. (Business Corporation Law, § 306, subd [c]; Davis v Ila Hairdressers, 3 Misc 2d 80; Federspiel v R. J. & E. Corp., 34 Misc 2d 44; O’Rourke v Ted’s Ford, 89 Misc 2d 986.)
Service of process on the Secretary of State as agent of a domestic corporation shall be made by personally delivering it to him or his office. Service of process shall be completed when the Secretary of State is so served. (Business Corporation Law, § 306, subd [b], as amd by L1967, ch 17.)
As an agent appointed by law to receive service for a corporation, such service by the Secretary of State is deemed personal service and gives any court exercising jurisdiction personal jurisdiction over the party served in such manner. (See CPLR 311, subd 1.) Therefore this court may properly exercise in personam jurisdiction over the defendant herein.
The remaining objection dealing with an allegation of improper venue is meritless.
The motion is denied.