*836 OPINION OF THE COURT
Arthur J. Doran, Jr., J.
In this case of apparent first impression the New York State Thruway Authority seeks to prosecute the above-named defendants for violating the photo-monitoring toll collection system that has been set up at the Authority’s Yonkers toll by instituting the present enforcement proceedings in Yonkers City Court.[1]
The Authority relies on Public Authorities Law § 2985 as granting jurisdiction to this court over photo-monitoring toll collection enforcement proceedings. That statute provides, in pertinent part, as follows: "2. The owner of a vehicle shall be liable for a civil penalty imposed pursuant to this section if such vehicle was used or operated with the permission of the owner, express or implied, in violation of toll collection regulations, and such violation is evidenced by information obtained from a photo-monitoring system” (emphasis added).
The photo-monitoring toll collection system authorized by this statute is commonly referred to as "E-Z Pass”.
The procedure for enforcing E-Z Pass violations is outlined in Public Authorities Law § 2985. Personal jurisdiction over an alleged E-Z Pass violator is obtained by the Thruway Authority’s first class mailing of a notice of liability (hereinafter NOL) to the alleged violator no later than 30 days after the alleged violation. The Authority is expressly exempted from having to personally deliver the NOL to alleged violators. (Public Authorities Law § 2985 [7] [a], [d].)
In any prosecution for an E-Z Pass toll violation, the burden of proof is upon the Thruway Authority by a preponderance of the evidence. The Authority may submit proof of a violation in the form of a sworn certificate, which certificate must attest to the fact that a Thruway Authority agent inspected the photographs or other recorded images that may be offered to support the alleged violation. Such a certificate constitutes prima facie evidence of the facts contained therein and is admissible in any prosecution, provided that the supporting photographs "shall be available for inspection and admission into evidence in any proceeding to adjudicate the liability for such violation.” (Public Authorities Law § 2985 [4].) Liability under this section is neither a conviction as an operator nor a *837 part of the violator’s motor vehicle operating record. (Public Authorities Law § 2985 [6].)
An owner found liable for an E-Z pass violation is subject to a $50 monetary penalty, or two times the toll evaded, whichever is greater. For a second offense within 18 months, an owner is liable for $100 or five times the toll evaded and for a third offense within 18 months an owner is liable for $150 or 10 times the toll, whichever is greater. (Public Authorities Law § 2985 [5].)[2]
Although this statute appears to be complete and unambiguous on its face, the issue for this court’s consideration, which it has raised sua sponte, is whether this court has jurisdiction to adjudicate liability and impose civil penalties for violations of section 2985 of the Public Authorities Law.[3]
Public Authorities Law § 2985 fails to expressly specify which tribunal has the authority to prosecute violations of the E-Z Pass system. The statute states: "Adjudication of the liability imposed upon owners by this section shall be by the entity having jurisdiction over violations of the rules and regulations of the public authority serving the notice of liability or where authorized by an administrative tribunal and all *838 violations shall be heard and determined in the county in which the violation is alleged to have occurred * * * and in the same manner as charges of other regulatory violations of such public authority or pursuant to the rules and regulations of such administrative tribunal as the case may be.” (Public Authorities Law § 2985 [8] [emphasis added].)
The Memorandum of State Thruway Authority entitled Port Authority of New York and New Jersey — Regulations for Interstate Crossings — Toll Collection Enforcement (L 1992 McKinney’s Sessions Laws of NY, at 2601, 2602) is not any more enlightening on the issue of which forum was intended by the Legislature to have jurisdiction over Public Authorities Law § 2985 prosecutions: "All charges of violations will be adjudicated in the same manner as other regulatory violations of the public authority or in the alternative, where available, the charges will be adjudicated through a local administrative tribunal.” (Emphasis added.)
In considering the appropriateness of Yonkers City Court as a forum for the prosecution of NOLs by the Thruway Authority the court notes, in the first instance, that Yonkers City Court is not a court of general jurisdiction. This court has only the powers and jurisdiction that have been conferred on it by the New York State Constitution and by the Legislature, pursuant to the authority of the Constitution. (See, Griswold v Sheldon, 4 NY 581 [1851]; Total Comfort v Alfred Benzenberg, Inc., 75 Misc 2d 1009 [Nassau Dist Ct 1973].)[4]
Jurisdiction over New York State Thruway Authority rules and regulations has been expressly conferred on the city courts by Public Authorities Law § 361 (1) (e) and (2), which state:
"1. * * * (e) For the purpose of conferring jurisdiction upon courts and judicial officers generally, violations of those rules and regulations of the authority which are herein defined as offenses shall nevertheless be deemed misdemeanors for the sole purpose of making applicable all procedural provisions of law relating to misdemeanors, and courts of special sessions outside the city of New York and in the city of New York, the criminal court of the city of New York, in the first instance, shall have exclusive jurisdiction to hear and determine charges *839 of such violations and provided, further, that no jury trial shall be allowed for such violations.
"2. * * * Violators shall be apprehended and prosecuted in the same manner as provided for the apprehension and prosecution of violators of the vehicle and traffic law who commit violations thereof upon the state highway system” (emphasis added).
This jurisdiction over Thruway Authority regulations is criminal in both substance and procedure. (Vehicle and Traffic Law § 155; Public Authorities Law § 361 [1], [2].) The court’s dilemma in exercising jurisdiction over E-Z Pass violations arises from the fact that Public Authorities Law § 2985 contemplates civil, rather than criminal, enforcement of violations. (Public Authorities Law § 2985 [2].)
There appears to be no corresponding enabling legislation which confers jurisdiction over New York State Thruway Authority rules and regulations that are intended by the Legislature to be prosecuted civilly. Neither the Uniform City Court Act nor the Public Authorities Law expressly grants jurisdiction to the City Court over the prosecution of civil penalty proceedings.
This gap in legislation raises very practical problems for Yonkers City Court in its attempt to comply with the Thruway Authority’s request to adjudicate liability for E-Z Pass violations.
Violations of Thru way Authority rules and regulations are calendared to be heard in the Traffic Part of this court. (Vehicle and Traffic Law § 155.) Proceedings in the Traffic Part of the court are commenced by the filing of a simplified traffic information and are subject to all of the provisions of law governing the prosecution of misdemeanors. (CPL 100.10 [2] [a]; Vehicle and Traffic Law § 155.)
With the creation of NOLs for the prosecution of Thruway Authority rules and regulations, the Legislature has created a form of process for the commencement of an action that was not contemplated by either the jurisdictional or procedural rules for the criminal prosecution of Thruway Authority rules and regulations. Yet nowhere has the Legislature spelled out how this new process is to be integrated into the existing criminal procedure enforcement scheme.[5]
*840 The possibility of prosecuting photo-monitoring toll violations in a Civil Part of the court raises equally perplexing procedural problems. For one, service of process in the Civil Part of Yonkers City Court is governed by the Civil Practice Law and Rules, which mandates personal service, or some form of legislatively authorized substituted service, for the commencement of civil actions. (See, UCCA 403; CPLR 308.) Further, the express language of Public Authorities Law § 2985 mandates that the same enforcement procedures used in the prosecution of all other Thruway Authority rules and regulations be adhered to in connection with NOLs. This would appear to require that criminal procedural rules must be applied to NOL enforcement proceedings, precluding enforcement in a Civil Part of this court.
Additionally, the Public Authorities Law contemplates the entry of default judgments upon an alleged violator’s failure to contest the NOL in the manner and time provided in the notice. Yet procedural rules governing the entry of default judgments in Yonkers City Court mandate the use of formal pleadings and the filing of a copy of a summons and complaint with proof of service of same, prior to the entry of any such judgment. (UCCA 902 [a]; 1402; CPLR 3215 [f].)
Again, the gaps in legislation, between the outcome desired by Public Authorities Law § 2985, and the absence of procedural devices for implementing its goals, create insurmountable procedural and jurisdictional enforcement problems for Yonkers City Court. The lack of formal pleadings in E-Z Pass prosecutions, the informal method of serving NOLs on alleged violators, and the characterization of the proceeding as one for a civil penalty without a specific grant of jurisdiction over such proceedings to this court are issues which require the further attention of the Legislature before this court may exercise its authority over the Thruway Authority’s E-Z Pass violations.
Finally this court is faced with serious administrative problems in connection with E-Z Pass enforcement proceedings which the Legislature has not addressed. For example, although the court has only received a handful of alleged *841 violators’ responses to NOLs issued by the Thruway Authority, it is in receipt of more than the 150 sworn certificates, apparently issued pursuant to Public Authorities Law § 2985 (4). The question arises as to which event it is that triggers the court’s obligation to calendar NOL enforcement proceedings, i.e., whether it is receipt by the court of an alleged violator’s response to the NOL or is it the Thruway Authority’s purportedly sworn certificate. And where the certificates appear to be unsworn, as those received by the court thus far appear to be, is there any obligation on the part of the court to proceed at all.
Absent the existence of enabling legislation which addresses the jurisdictional, procedural and administrative dilemmas raised by Public Authorities Law § 2985 this court can only conclude that it does not have the jurisdiction to preside over these types of proceedings.
Based on the foregoing, the New York State Thruway Authority notices of liability issued in these consolidated matters are hereby dismissed.

. Since the issues raised by the Thruway Authority’s service of notices of liability in the three cases captioned above are identical, these three actions have been consolidated for purposes of judicial economy.

. The NOLs in the matters before the court appear on the court’s calendar as a result of the alleged violators having mailed copies of the NOLs received by them to the court for purposes of disposing of the matters, either by mail or at an in-court hearing.
Each NOL gives the alleged violator four selections from which to choose the manner in which he or she wishes to respond to the NOL. Two of the three violators were given the following four choices:
"A. I have no prior unpaid violations and I wish to limit my penalty by enclosing a money order or certified check for amount of $20.00 payable to the above named court.
"B. I admit liability. Please advise me of my penalty.
"C. I wish to request a hearing by mail and I have enclosed my written defense.
"D. I wish to schedule an in person hearing.”
The third NOL offers the following option "A”:
"A. I admit liability and have enclosed a money order or certified check for the suggested penalty payable to the above named court. Prior violations remain unpaid.”
There does not appear to be any statutory authority for the option of paying $20 in order to limit liability for a violation.

. According to David D. Siegel in New York Practice (§ 8, at 10 [2d ed]): "Jurisdiction of the subject matter cannot be conferred on the court by any consent or stipulation of the parties. The objection may be taken at any stage of the action, and the court may, on its own motion whenever its attention is called to the facts, refuse to proceed further, and dismiss the action.” (See, Robinson v Oceanic Steam Nav. Co., 112 NY 315 [1889].)

. Express grants of jurisdiction are found in article VI, §§ 15, 16 and 17 of the New York State Constitution referred to in UCCA articles 2 and 20 (for civil and criminal jurisdiction), Vehicle and Traffic Law § 155 and Public Authorities Law § 361 (1) and (2).

. The only reference to civil penalties to appear in any of the legislation under discussion, other than the reference in Public Authorities Law § 2985, *840 appears in Vehicle and Traffic Law § 155: "Any fine imposed by an administrative tribunal shall be a civil penalty.”
As the Public Authorities Law itself contemplates enforcement of E-Z Pass violations in an administrative setting, perhaps the most logical setting for NOL enforcement proceedings would be before an administrative tribunal. (See, Public Authorities Law § 2985 [8].)