OPINION OF THE COURT
Memorandum.
Order unanimously reversed without costs, notices of liability reinstated and matter remanded to the court below for all further proceedings.
The underlying issue in this case is whether the City Court of Yonkers has subject matter jurisdiction over people alleged to have failed to pay the toll at the E-Z Pass toll booth in Yonkers. It involves the construction and application of section 2985 of the Public Authorities Law. A detailed discussion of this issue is found in the lower court’s original decision dismissing the case for lack of subject matter jurisdiction (see, 165 Misc 2d 835). In sum, the court found that the granting of jurisdiction over the rules and regulations of section 2985 (8) of the Public Authorities Law was for criminal violations only and that the creation of a notice of liability as a basis for the commencement of an action or proceeding was not contemplated under UCCA 403 or "into the existing criminal procedure enforcement scheme.” (Supra, at 839.) The court also raised the procedural issue of when to calendar the notices of liability — at. the time it receives the certificates or at the time the response comes into court from the person responsible for the violation.
It is the opinion of this court that in establishing the detailed provisions of section 2985 (8) of the Public Authorities Law and its enforcement scheme, the Legislature evinced an intent to permit the court "having jurisdiction over violations of the rules and regulations of the public authority serving the notice of liability” to hear the liability issue after service of a notice of liability as per the provisions of said section. While UCCA 400 provides for commencement of an action by service of a summons and of a proceeding by service of a notice of petition or order to show cause, the Legislature authorized the commencement of this type of proceeding by service of a notice of liability by first class mail. Upon filing of said notice, along with proper certification pursuant to subdivision (4) of said sec *867 tion (Public Authorities Law § 2985), jurisdiction over the alleged violator is given to the City Court. Such notices would be calendared for a hearing upon service of a timely response raising one of the defenses listed in Public Authorities Law § 2985 (9)-(ll), or a default would be entered in the event of a failure to respond in a timely manner as per the warning on the notice of liability (Public Authorities Law § 2985 [7] [c]). We therefore conclude that the existing legislation is sufficient to permit the City Court of Yonkers to hear and adjudicate the notices of liability served pursuant to section 2985 of the Public Authorities Law.
DiPaola, P. J., Collins and Ingrassia, JJ., concur.