■ BAY SHORE FAMILY PARTNERS, L.P., Respondent, v FOUNDATION OF JEWISH PHILANTHROPIES OF THE JEWISH FEDERATION OF GREATER FORT LAUDERDALE et al., Appellants, et al., Defendants. [658 NYS2d 326] —In an action, *inter alia*, for specific performance of a contract for the sale of real property, (1) the defendants Fred J. Carillo, Carolyn M. Carrano Trust, Frank Carrano Trust, Estate of Frank Carrano, and Bago Realty Corp. appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated April 16, 1996, as denied their motion to dismiss the complaint insofar as asserted against them, and (2) the defendants Foundation of Jewish Philanthropies of the Jewish Federation of Greater Fort Lauderdale and Daniel D. Cantor Trust separately appeal from so much of the same order as denied their cross motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion and cross motion are granted, and the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

In April 1994 a contract was executed in which the defendant Foundation of Jewish Philanthropies of the Jewish Federation of Greater Fort Lauderdale (hereinafter the Foundation) agreed to convey its interest in certain real property situated in Suffolk County to a limited partnership that was not yet formed and was to be known as Bay Shore Family Partners, L.P., the plaintiff herein. The contract was signed by the proposed general partner of the plaintiff, a corporation identified as Bayshore, Inc., by its president, Michael Modell. However, no entity named Bayshore, Inc., actually existed. Rather, Modell was the president of a corporation known as Bayway, Inc. During the period between the execution of the contract and the scheduled closing date, a certificate of limited partnership was filed for the purpose of creating the plaintiff. Furthermore, officers of Bayway, Inc., filed an amendment to the certificate of incorporation of Bayway, Inc., changing its name to Bayshore, Inc.

While the certificate of limited partnership of the plaintiff provided that the office of the partnership was to be located in Nassau County, the limited partnership agreement listed the

principal office of the partnership as an address in Queens County. Moreover, the certificate of limited partnership stated that Bayshore, Inc., the general partner, was located at the Queens County address, while the amended certificate of incorporation for Bayshore, Inc., provided that the corporation's office was to be located in New York County. In June 1994, the plaintiff commenced publishing the requisite statutory notice of its formation in two Suffolk County newspapers. Approximately one month later, the Foundation conveyed its interest in the subject property to the defendants Fred J. Carillo and the Carolyn M. Carrano Trust pursuant to a right of first refusal which allegedly had been assigned to them. The plaintiff subsequently commenced this action seeking, *inter alia*, specific performance of its contract with the Foundation. The appellants moved to dismiss the complaint, and the Supreme Court denied their respective motions. We now reverse.

A limited partnership is formed at the time the certificate of limited partnership is filed with the Department of State *(see,* Partnership Law § 121-201 [b]). In this case, the plaintiff was not a limited partnership at the time the contract was executed in April 1994, since the certificate was not filed until June 6, 1994. Moreover, the plaintiff was not a validly created limited partnership as of the June 9, 1994, scheduled closing date of the contract, inasmuch as the plaintiff failed to strictly comply with various requirements set forth in Partnership Law § 121-201. For example, while Partnership Law § 121-201 (c) requires publication of notice of the partnership's formation "in two newspapers of the county in which the office of the limited partnership is located", notice of the plaintiff's formation was published in two Suffolk County newspapers notwithstanding the fact that the certificate of limited partnership provided that the plaintiff's office was to be located in Nassau County.

We do not agree with the Supreme Court that the plaintiff substantially complied with the statutory requirements so as to constitute a properly created limited partnership. Indeed, none of the statutory requisites were validly met within the applicable time limitations. In any event, in enacting the Revised Limited Partnership Act (Partnership Law art 8-A), the Legislature did not include a substantial compliance provision even though such a provision had existed in the previous statutory scheme governing limited partnerships *(see,* Partnership Law § 91 [2]). This omission is not to be viewed as a legislative oversight but rather as an indication that the exclusion of

such a provision was intended *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 74; *Pajak v Pajak,* 56 NY2d 394). Since the plaintiff was not in existence at the time the contract was executed, and was not validly created by the time of the scheduled closing, it lacks the capacity to seek enforcement of the contract *(see generally, Winter v Beale, Lynch & Co.,* 198 AD2d 124). Moreover, the failure to strictly comply with the statutory publication requirement precludes the plaintiff from maintaining this action *(see,* Partnership Law § 121-201 [c]).

We have considered the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Ritter, Sullivan and Pizzuto, JJ., concur.