*897 OPINION OF THE COURT
James C. Harberson, J.
The plaintiffs argument is that service upon the Secretary of State in Albany as provided for at section 306 (c) of the Business Corporation Law confers jurisdiction over the defendant in this court. The defendant has not appeared. The court raises sua sponte (People ex rel. New York State Thruway Auth. v NYRAC, 165 Misc 2d 835) the question of whether jurisdiction has been obtained over the defendant under article VI, § 1 (c) of the New York Constitution which defines the territorial limits within which a City Court process may be served for City Courts outside New York City.
The issue is whether section 306 (c) of the Business Corporation Law can nullify article VI, § 1 (c) of the New York State Constitution which states that “processes * * * 0f * * * city courts outside the city of New York may be served and executed in any part of the county in which such courts are located or in any part of any adjoining county.”
Article VI, § 1 (c) grants the Legislature the power to provide that the “processes, warrants and other mandates of the district court may be served and executed in any part of the state and that processes, warrants and other mandates of* * * city courts outside the city of New York may be served and executed in any part of the county in which such courts are located or in any part of any adjoining county.”
In Bischoff v Schnepp (139 Misc 293, 294-295) Justice Koch concluded “The City Court of the City of New York is a constitutional court of limited jurisdiction. Changes in its jurisdiction and powers can be made only through constitutional amendment. Its territorial jurisdiction could not be enlarged by an ordinary act of the Legislature, such as the Vehicle and Traffic Law. In the service of process of a court there can be no fiction as to persons or locations and by no stretch of the imagination can Albany, N. Y., be brought within the territorial confines of the city of New York. It is a matter of no moment that a State official is involved in the service. The problem presented involves the right of due process guaranteed by the Constitution of the United States and by our State Constitution. No particular hardship is involved in holding that the section does not apply to the City Court. All the rights and remedies which litigants had before the enactment of this provision are still available, and besides, the benefits of the section can be obtained through the agency of the Supreme Court. *898 Furthermore, these benefits may, if it is considered desirable, be conferred upon the City Court by constitutional amendment inaugurated by the appropriate action of the Legislature.”
In Pohlers v Exeter Mfg. Co. (293 NY 274, 275) the Court addressed the issue: “ ‘[s]hould the service of the summons and complaint in this action on the Secretary of State have been vacated by the City Court of the City of New York?’ ” The Court said, “Ordinarily a court can acquire jurisdiction of the person of a defendant only by service of process within the jurisdiction of the court; but that rule does not apply where the defendant ‘has agreed in advance to accept, or does in fact accept, some other form of service as sufficient’ [citations omitted].” (Pohlers v Exeter Mfg. Co., supra, at 279; see also, Matter of Beckman v Greentree Sec., 87 NY2d 566; O’Rourke v Ted’s Ford, 89 Misc 2d 986.)
Business Corporation Law § 306 (c) originated in Stock Corporation Law § 25 (L 1934, ch 908) which provided that service of process on the Secretary of State in Albany was permitted “If the action or proceeding is instituted in a court of limited jurisdiction, service of process may be made in the manner provided in this section if the office of the defendant corporation is in the county in which such court is located.”
The Bill Jacket material reveals the forces which caused the Legislature to disregard the earlier caution about the legislation arising out of constitutional concerns.
There are several letters to the Governor that allude to these constitutional questions from the Deputy Secretary of State and the New York State Bar Association acknowledging the question of “whether or not the method of service of process provided is constitutional.” (Letter of John G. Jackson, Executive Comm Chairman, NY St Bar Assn, dated Aug. 23, 1934, Bill Jacket, L 1934, ch 908.)
Professor David D. Siegel in his 1977 and 1989 Practice Commentaries for McKinney’s Consolidated Laws of NY addresses the issue of whether service under Business Corporation Law § 306 (c) creates a constitutional problem under article VI, § 1 (c) stating “The Legislature can solve the problem in the Civil and district courts because it has the power to authorize statewide service of process issuing out of those courts under § 1(c) of Article VI of the State Constitution. However, the same constitutional provision limits process of the city courts to the home county or an adjoining county.” (Siegel, Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, UCCA 403, 1977-1978 Pocket Part, at 187 [1977 Commentary].)
*899 He noted, that the “Legislature * * * solve [d] the problem” in District Courts using its “power to authorize statewide service of process issuing out of those courts under § 1(c) of Article VI of the State Constitution” (1977 Commentary, op. cit.) “so that the ground of the Bischoff objection is no longer applicable in the district courts.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UDCA 403, at 494 [1989 Commentary].) Professor Siegel, however, acknowledged the Legislature could not similarly “solve the problem” for City Courts outside the City of New York because the “samé constitutional provision limits process of the city courts to the home county or an adjoining county” (1977 Commentary, op. cit.), so his 1989 Commentary for UCCA 403 restates verbatim passages from the 1989 Commentary for UDCA 403 and then the 1977 Commentary’s theoretical solutions to the constitutional conundrum that Business Corporation Law § 306 (c) “purports nonetheless to permit service on the Secretary of State in Albany in an action in * * * city courts” (1977 Commentary, op. cit.) notwithstanding article VI, § 1 (c) of the Constitution:
“The Bessan [v Public Serv. Co-ordinated Transp., 135 Misc 368] case held the secretary of state to be ‘present’ everywhere in the state and allowed the mailing to reach the secretary beyond the court’s boundaries. The case was questioned in Bischoff v. Wm. Schnepp, Inc., 139 Misc. 293, 249 N.Y.S. 49 (1930), on the ground that the constitution restricted the process of the then New York City Court, making it impossible for the statute, which is now V & TL § 253, to permit service beyond the court’s territorial area * * *
“Reconciling § 306(c) and the constitutional provision, O’Rourke v. Ted’s Ford Inc., 89 Misc.2d 986, 393 N.Y.S.2d 160 (Long Beach City Court 1977), permits the Albany service. Its rationale is that this does not extend the court’s territorial jurisdiction beyond constitutional boundaries because the corporate office is within those boundaries and the corporation is therefore amenable to personal service locally.
“An alternative theory might be that the secretary of state is a creature of statewide presence and that service made on the secretary at any place in the state is the same as service made at any other place in the state.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UCCA 403, at 719-720.)
Implicit in this reasoning is that the Pohlers conclusion still remains a constitutional pebble in Professor Siegel’s shoe as *900 suaged only by the theorical solutions suggested by the O’Rourke and Bessan cases (supra) cited in his Commentary as answers to the “Bischoff” objection “still applicable” in the City Courts outside the City of New York.
Professor Siegel has said in effect what Justice Koch ruled in Bischoff (supra) when he wrote “Always to be remembered in a city court action, however, is that the constitution itself restricts service to the home or an adjoining county * * * [under] § 1(c) of Article 6 of the state constitution.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UCCA 403, at 719.)
The court finds that physical service of process of this City Court under Business Corporation Law § 306 (c) on the Secretary of State in Albany is a clear violation of the constitutional limits of article VI, § 1 (c) of the New York State Constitution.
In Rathbone v Wirth (150 NY 459, 470) the Court said “We must not forget that a Constitution is the measure of the rights delegated by the people to their governmental agents”.
The court in Kruger v Page Mgt. Co. (105 Misc 2d 14, 24) neatly summarized the task for a court when interpreting a statute: “It is fundamental that a court in interpreting a statute should attempt to ascertain and effectuate the intent and purpose of the Legislature. [Citations omitted.] In finding such a purpose, the court should look to the entire statute, the legislative history and the statutes of which it is made a part. [Citation omitted.] Where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used.”
Article VI, § 1 (c) is a statute “free from ambiguity” expressed plainly, clearly and distinctly and the language should be applied by the court “as it is written” (Zaldin v Concord Hotel, 48 NY2d 107, 113; see also, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 76, 92 [a]).
In McKinney’s Consolidated Laws of NY, Book 1, Statutes § 192 the text states an “amendatory act and the original statute are to be construed together * * * viewed as one law passed at the same time”, and in Citibank v City of N. Y. Fin. Admin. (43 NY2d 425, 431) the Court said “an amendment is enacted exactly like a wholly new statute.”
Further, McKinney’s Consolidated Laws of NY, Book 1, Statutes § 191 states that the “Legislature will be assumed to have known of existing statutes and judicial decisions in enacting amendatory legislation” and the Court in Citibank v City of *901 N. Y. Fin. Admin, (supra, at 431) said “draftsmen of bills and other interested members of Legislatures, in considering bills providing for amendments, read them against existing law.”
And finally, as stated in McKinney’s Consolidated Laws of NY, Book 1, Statutes § 74, “the failure of the Legislature to include * * * matter within the scope of the act indicates that its exclusion was intended”.
In Pajak v Pajak (56 NY2d 394, 397) the Court confirms this adage (citing McKinney’s Cons Laws of NY, Book 1, Statutes §74) saying “The failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended”. (See also, Bay Shore Family Partners v Foundation of Jewish Philanthropies, 239 AD2d 373.)
Article VI, § 1 (c) of the Constitution limits service of process of this court to Jefferson County or an adjoining county. In 1962 the Legislature with full knowledge of the Pohlers case {supra) and Business Corporation Law § 306 (c) submitted to the voters an amendment to the Constitution expanding to State-wide the territory within which the process of New York City Civil Courts and District Courts could be served while leaving the City Courts outside the City of New York with the territorial limits of their home or adjoining county within which process could be served.
The court finds the Legislature knew of the Pohlers case {supra) and Business Corporation Law § 306 (c) when drafting article VI, § 1 (c) (Citibank v City of N. Y. Fin. Admin., supra) excluding State-wide jurisdiction for City Courts outside New York City and that the “omission is not * * * a legislative oversight but rather * * * an indication that * * * exclusion of [the] provision was intended” (Bay Shore Family Partners v Foundation of Jewish Philanthropies, supra, at 374-375). In doing this the Legislature considered and rejected service of process under the Pohlers rationale outside the home or adjoining county on the Secretary of State for City Courts outside New York City when submitting article VI, § 1 (c) to the voters for approval.
When the citizens of New York voted to authorize article VI, § 1 (c) of the Constitution limiting the territory within which a Watertown City Court process can be served that was the “measure of the rights delegated by the people to their governmental agents” (Rathbone v Wirth, 150 NY, supra, at 470). This “measure of rights delegated” to the Legislature did not include the right to authorize by law (such as Business Corporation Law § 306 [c]) any “form of service” of a City Court process outside *902 the territorial limits set out in article VI, § 1 (c) of the Constitution regardless of whether or not such was consented to by any defendant “as sufficient” (Pohlers v Exeter Mfg. Co., 293 NY 274, supra).
The court rules that New York State Constitution, article VI, § 1 (c) prohibits physical service of a Watertown City Court process outside Jefferson, St. Lawrence, Lewis or Oswego Counties and that Business Corporation Law § 306 (c), “an ordinary act of the Legislature” (Bischoff v Schnepp, 139 Misc, supra, at 294), cannot circumvent the territorial boundaries set by the Constitution.
[Portions of opinion omitted for purposes of publication.]