■ BOSLOW FAMILY LIMITED PARTNERSHIP, Appellant, v GLICKENHAUS & Co., Respondent. [803 NYS2d 551]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 17, 2004, dismissing the complaint pursuant to an order which, in an action by a purported limited partnership against an investment advisor for breach of a discretionary investment advisory agreement, and for various torts and equitable remedies based on the existence of such agreement, granted defendant's motion pursuant to CPLR 3211, and order, same court and Justice, entered April 21, 2005, which, insofar as appealable, denied plaintiff's motion to renew, unanimously affirmed, with costs.

Plaintiff's failure to file a certificate of limited partnership at any time prior to the alleged breaches of contract rendered it nonexistent at the time of such breaches, and therefore without capacity to sustain damages by reason of the existence of the contract (Partnership Law § 121-201 [b]; see *Bay Shore Family Partners v Foundation of Jewish Philanthropies of Jewish Fedn. of Greater Fort Lauderdale*, 239 AD2d 373 [1997], *lv denied* 91 NY2d 803 [1997]). Plaintiff's motion to renew was properly denied on the ground that its commencement of a second action after filing a certificate of limited partnership and complying with the statute's publication requirements did not render it existent at the time of the alleged breaches, and therefore could not change the prior determination (CPLR 2221 [e] [2]). We need not decide whether a filing of the certificate after the

contract was executed and before it was breached would have rendered the action viable. Concur—Mazzarelli, J.P., Andrias, Sullivan, Williams and Malone, JJ.