OSCAR SWEDOSH, Plaintiff, *v.* BELDING HOSIERY MILLS, INC., Defendant.

City Court of New York, Special Term, New York County, May 19, 1938.

*Samuel Ansel,* for the plaintiff.

*Kramer & Golgano,* for the defendant, appearing specially.

KELLER, J. The action was commenced by attachment, and property of the defendant within the city of New York was levied upon by the sheriff under a warrant of attachment issued out of this court. The defendant is a foreign corporation and that is the ground of the attachment. (Civ. Prac. Act, § 903, subd. 1.) Jurisdiction *in rem* was obtained by the attachment levy. (Civ. Prac. Act, § 825.) The summons and complaint were served within thirty days after the granting of the warrant, pursuant to section 217 of the General Corporation Law, upon the Secretary of State at Albany, the latter having been designated by the defendant, pursuant to subdivision 1 of section 210 of the General Corporation Law, as agent to receive process on the defendant's behalf.

The defendant moves to vacate the service on the ground that

the process of the City Court of the City of New York does not run outside of the city of New York and that service of the summons and complaint upon the Secretary of State at Albany, though pursuant to the designation filed by this defendant, is ineffective. (*American Historical Society, Inc.*, v. *Glenn*, 248 N. Y. 445.)

As above pointed out, this court obtained jurisdiction *in rem* by the attachment levy. (Civ. Prac. Act, § 825.) Service of the summons and complaint is required by the statutes so that the defendant may have due notice of the action against him. Such service does not confer jurisdiction *in personam*, unless made within the jurisdictional limits of the court, or unless the defendant thereafter voluntarily appears. But jurisdiction *in personam* is not necessary to prosecute the attachment suit to judgment. Notwithstanding the lack of such jurisdiction, a judgment may be entered binding the attached property.

Accordingly, if the action is brought in a court of general jurisdiction, service of the summons and complaint may be made without the State. (Civ. Prac. Act, § 905.) The territorial jurisdiction of the City Court is limited to the city of New York; nevertheless, it may retain the jurisdiction which it acquired by the levy made within the city limits, since the summons and complaint were served within the time and in the manner prescribed in section 905 of the Civil Practice Act. Such service might have been made without the State. (N. Y. City Ct. Act, § 51.) It could also be made anywhere within the State. Service upon the Secretary of State at Albany as the duly designated agent of this defendant was proper, although that service did not confer jurisdiction *in personam*.

The motion to vacate the service is denied.

Order signed.