JOHN MCCULLOCH, JR., Plaintiff, v. AMERICAN CARRIER CORPORATION, Defendant.

Municipal Court of New York, Borough of Queens, Fourth District, November 14, 1939.

*Jacques Schurre*, for the plaintiff.

No appearance for the defendant.

MORRIS, J. This is an action for goods sold and delivered. The defendant is a New Jersey corporation. On December 16, 1935, it received authority from the Secretary of State to transact business

in New York and designated the Secretary of State as the person for the service of process.

The location of the principal office of the defendant in this State is 299 West Houston street, New York city. Duplicate copies of the summons and verified complaint were served personally on a Deputy Secretary of State in Albany on August 7, 1939.

The clerk of the Municipal Court has refused to enter judgment on the ground that the court has no jurisdiction over the defendant in that process was not served within the city of New York.

The plaintiff now applies for an *ex parte* order directing the clerk to enter a judgment. The question raised by this application is whether the Municipal Court of the City of New York has acquired jurisdiction of an action where the initial service is required to be and is made upon the Secretary of State at Albany, pursuant to section 217 of the General Corporation Law.

Much has been written on the question of jurisdiction where service has been made pursuant to section 52 of the Vehicle and Traffic Law. Where service has been made upon the Secretary of State at an office outside New York city, such service has been held to be valid. (*Bessan* v. *Public Service Co-ordinated Transport*, 135 Misc. 368; *Marcus* v. *Day*, 139 id. 283.) The Municipal Court did not obtain jurisdiction of a non-resident by service on the Secretary of State, outside of the city of New York. (*Tannenbaum* v. *Wehrle*, 133 Misc. 577; *Osterhoudt* v. *Horowitz*, 135 id. 744, 745; *Heihs* v. *Reinberg*, 136 id. 815.) Service has been upheld as valid where made on the Secretary of State at his office in New York city. (*Stoiber* v. *Marinacci*, 139 Misc. 838; *Strausberg* v. *Murphy*, Id. 573; *Maguire* v. *Reiss*, Id. 886; *Berkowitz* v. *Dunphy*, 141 id. 561.)

Section 14 of the Municipal Court Code provides for service within the territorial limits of the city of New York. No section of the State Constitution authorizes or empowers the Legislature to confer upon the Municipal Court any greater territorial jurisdiction than could have beenconferred under section 18 of article 6 of the State Constitution.

The intention of the Legislature in passing chapter 279 of the Laws of 1915 was to create a court the jurisdiction of which shall be confined to the limits of the city of New York. The Municipal Court was clothed with an authority which confined it to a locality. The framers of the Constitution intended that not only should this inferior local court be strictly confined to its locality but that its jurisdiction be so limited that there could be no interference with the Supreme Court in the exercise of its general jurisdiction.

The Court of Appeals held (*American Historical Society, Inc.*, v.

*Glenn*, 248 N. Y. 445) that section 27 of chapter 539 of the Laws of 1926 (New York City Court Act), in so far as it provides that all process of the court may be exercised in any part of the State, is unconstitutional and void.

We cannot follow the logic of the learned justice of the City Court (*Bessan* v. *Public Service Co-ordinated Transport, supra*), that " we should interpret the statute in a way that would make its application uniform and would produce the most beneficial and salutary results " or that a local court of inferior civil jurisdiction may have jurisdiction because the Secretary of State may be deemed to be constructively present within the territorial limits of the court. We cannot follow the reasoning of the learned justice of the City Court (*Marcus* v. *Day, supra*) that there is a distinction between the rights of the residents within the State and the rights of the residents of other States where the question of jurisdiction *in personam* arises. If the Legislature cannot, because of the limitations created by the State Constitution, extend the territorial jurisdiction *in personam* to residents of the State of New York living outside the jurisdictional limits of the court *a fortiori* the Legislature cannot by implication extend the territorial jurisdiction *in personam* to residents of other States. Section 217 of the General Corporation Law cannot extend the territorial jurisdiction of the Municipal Court beyond the territorial limits of the city of New York.

We are not dealing with a question of hardship. We must draw the distinction between jurisdiction *in rem* and jurisdiction *in personam* (*Swedosh* v. *Belding Hosiery Mills, Inc.*, 168 Misc. 673), and consider the language of section 14 of the Municipal Court Code and the fact that the Legislature cannot give power to the Municipal Court to act beyond the boundaries of an established political subdivision of the State.

The conclusions reached compel the court to deny the application.

Application denied.