EMIL R. POHLERS, Respondent, v. EXETER MANUFACTURING COMPANY, Appellant.

Argued June 6, 1944; decided July 19, 1944.

*Walter H. Bond* for appellant appearing specially. I. The amendment to section 217 of the General Corporation Law did not give jurisdiction to: the City Court of the City of New York to have its process personally served on the Secretary of State in the City of Albany because of section 18 of Article VI of the State Constitution. (*Gruber* v. *Wilson,* 276 N. Y. 135; *Matter of Buoneto* v. *Buoneto,* 278 N. Y. 284; *Degnon* v. *Cook & Wilsons,* 98 Misc. 251; *Salzman* v. *Attrean,* 142 Misc., 245; *American Historical Society* v. *Glenn,* 248 N. Y. 445; *Glaser* v. *Northwestern Provision Packers Corp.,* 265 App. Div. 929; *McCulloch* v. *American Carrier Corp.,* 172 Misc. 450; *Matter of Schaefer Brewing Co.* v. *McCloskey,* 266 App. Div. 790; *Heihs* v. *Reinberg,* 136 Misc. 815; *Bischoff* v. *Schnepp,* 139 Misc. 293; *Marcus* v. *Day,* 139 Misc. 283; *Aiello* v. *Yale Transport Corp.,* 174 Misc. 867.) II. Section 18 of article VI of the State Constitution, as amended, in 1925, has new and decisive significance. Though it, now as before, expressly prohibits the conferring of jurisdiction of subject matter upon any inferior court, greater than that of the County Court, it now, as never before, expressly provides that an inferior court may have greater territorial jurisdiction than a county court, but not beyond the county or counties embraced within the city in which such inferior court may be located. (*Landers et al.* v. *Staten Island R. R. Co.,* 53 N. Y. 450; *Worthington* v. *London G. & A. Co.,* 164 N. Y. 81; *Matter of Buoneto* v. *Buoneto,* 278 N. Y. 284.)

*Reuben Golin* for respondent. Service of process on the Secretary of State is authorized, under the special facts here present, by article VI, sections 11, 15 and 18, of the State Constitution and section 217 of the General Corporation Law. (*American Historical Society* v. *Glenn,* 248 N. Y. 445; *Matter of Buoneto* v. *Buoneto,* 278 N. Y. 284; *Worthington* v. *London G. and A. Co.,* 164 N. Y. 81; *Johnson* v. *Manhattan & Queens Traction Corp.,* 162 App. Div. 753.)

LEHMAN, Ch. J. The defendant is a corporation organized in the State of New Hampshire, authorized by the Secretary of State to do business in the State of New York in accordance with section 210 of the General Corporation Law. The certificate of authority dated the 16th day of January, 1935, certifies that the appellant " is authorized to do, in this state, the busi-

ness set forth in the statement and designation, a copy of which is hereto annexed." The "statement and designation" referred to in the certificate was filed by the defendant pursuant to the statute. In it the defendant states among other things: " 2. The place where its office within the State of New York is to be located is No. 40 Worth Street, New York City. * * * 4. The said corporation hereby designates the Secretary of State of the State of New York as its agent upon whom all process in any action or proceedings against it may be served within the State of New York." The summons and complaint in an action brought in the City Court of the City of New York in which the plaintiff seeks damages for his alleged wrongful discharge by the defendant from employment in the city of New York, was served at his Albany office upon the Secretary of State as designated agent of the defendant in April, 1943. The defendant appeared specially in the action and moved to set aside and vacate the service of the summons and complaint. The motion was denied and the order denying the motion was affirmed by the Appellate Term and the Appellate Division. The Appellate Division granted leave to appeal certifying the question: " Should the service of the summons and complaint in this action on the Secretary of State have been vacated by the City Court of the City of New York ?"

The Judiciary Article (art. VI, § 15) of the New York State Constitution, as amended in 1925, provides that: " The city court of the city of New York is continued, and * * * it shall have the same jurisdiction and power throughout the city of New York, under the name of the city court of the city of New York, as it now possesses within the county of New York and the county of Bronx, and original jurisdiction concurrent with the supreme court in actions for the recovery of money only in which the complaint demands judgment for a sum not exceeding three thousand dollars. * * * " The territorial jurisdiction of the court was, from its inception, limited, and under the constitution remains limited. The process and mandates of the court " may be executed in any part of the city of New York," (New York City Court Act, § 27), and this court has held that the Legislature may not amend that section to provide that its mandates may be executed in any part of the State

so as to extend its jurisdiction to defendants served with process outside the city of New York " who did not reside in the city of New York and had no office for the transaction of business therein." (*American Historical Society* v. *Glenn*, 248 N. Y. 445, 448.) Since service of process was effected in this case at the office of the Secretary of State in Albany, the defendant maintains that the City Court of the City of New York never acquired jurisdiction of its person.

The General Corporation Law requires a foreign corporation seeking authority to do business in this State to designate the Secretary of State as its agent upon whom all process in any action or proceeding may be served. The defendant complied with the statutory requirement. We need not now consider whether under the provision of the General Corporation Law then in force the Legislature intended that service of the process of a court of limited territorial jurisdiction might be made, pursuant to such designation upon a foreign corporation. The Legislature may amend the conditions it imposes, and the Legislature has now made clear its intention. Section 217 of the General Corporation Law, as amended by chapter 538 of the Laws of 1941, provides: " Service of process against a corporation upon the secretary of state shall be made by personally delivering to and leaving with him or a deputy secretary of state duplicate copies of such process at the office of the department of state in the city of Albany. * * * If the action or proceeding is instituted in a court of limited jurisdiction, service of process may be made in the manner provided in this section if the cause of action arose within the territorial jurisdiction of the court and the office of the defendant corporation in the state, as set forth in its statement and designation, is within such territorial jurisdiction." The question presented upon this appeal is whether the Legislature had power to enact the statute.

The statute applies to service of process in actions in all courts of limited jurisdiction. It does not extend the jurisdiction of any court to include the subject of any action not previously included in its jurisdiction. It does not extend the territorial jurisdiction of any court to permit service of process outside of its limited jurisdiction except where a corporation served has designated a person outside of the territorial limits

of the court as its agent to accept such service. It does not make any court " a great spider drawing into its web by its process the flies of small suits against defendants * * * who had never been within the limits " of its territorial jurisdiction; nor does it give to plaintiffs " within the local territorial limits " of one court rights denied to plaintiffs elsewhere. It is not open to those objections which this court pointed out when it held unconstitutional the amendments to the New York City Court Act permitting service of process of the City Court of New York City throughout the State and upon defendants who " did not reside in the city of New York and had no office for the transaction of business therein " (*American Historical Society* v. *Glenn, supra*); nor is it open to the objections which the court pointed out might perhaps cast doubt upon the validity of section 52 of the Vehicle and Traffic Law, if construed in manner which would confer upon the City Court of Yonkers jurisdiction of the person of a non-resident motorist of the State of New York by service of process upon the Secretary of State at his Albany office. (*Gruber* v. *Wilson*, 276 N. Y. 135.)

The question we must decide is narrow. It is not whether the Legislature may provide that the City Court of the City of New York can acquire jurisdiction of the person of a defendant without consent of the defendant by service of process outside the territorial limits of the court; the question is whether the Legislature in section 217 of the General Corporation Law may require a foreign corporation as a condition of doing business here to consent in advance to service of process upon its agent in Albany in actions brought in a court of limited territorial jurisdiction if the cause of action arose within the territorial jurisdiction of the court and the office of the corporation is there. The answer to that question seems clear. Ordinarily a court can acquire jurisdiction of the person of a defendant only by service of process within the jurisdiction of the court; but that rule does not apply where the defendant " has agreed in advance to accept, or does in fact accept, some other form of service as sufficient " (*Wilson* v. *Seligman*, 144 U. S. 41, 44; cited in *Gilbert* v. *Burnstine*, 255 N. Y. 348). That is true, we there held, where a resident of New York has agreed in advance to accept service in New York of notice of an arbitra-

tion in England pursuant to the provisions of the Arbitration Act of 1889 (52 and 53 Victoria, ch. 49). It is no less true where a resident of another State agrees in advance to accept service of process outside of the territorial limits of a New York court.

Here the " consent " has been exacted by the State — not voluntarily offered by the defendant. That does not detract from its validity. Except as limited by the Constitution of the United States each State may exclude foreign corporations from doing business (*The Lafayette Ins. Co.* v. *French et al.*, 18 How. [U. S.] 404), or it may exact from a foreign corporation as a condition of doing business a consent to accept service of process in specified manner or upon a specified public officer in a specified place and with specified effect. (*Penna. Fire Ins. Co.* v. *Gold Issue Mining Co.*, 243 U. S. 93; *Washington* v. *Superior Court*, 289 U. S. 361.) A designation of a public officer upon whom service may be made has the same effect as a voluntary consent. (*Bagdon* v. *Philadelphia and Reading C. & I. Co.*, 217 N. Y. 432; *Neirbo Co.* v. *Bethlehem Corp.*, 308 U. S. 165.) A foreign corporation filing such designation or consent cannot complain that the courts of the State have given a broader construction to such consent than the corporation intended, if its language " rationally might be held to go to that length." (*Penna. Fire Ins. Co.* v. *Gold Issue Mining Co., supra,* p. 95.) The condition imposed in this case is reasonable and in no wise discriminates in favor of domestic corporations against foreign corporations.

The order should be affirmed, with costs, and the certified question answered in the negative.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Order affirmed, etc.