Charles J. Beckinella, J.
This is a motion for an order directing the County Clerk of Kings County to tax the plaintiff’s proposed bill of costs. The plaintiff has heretofore recovered a judgment in this court in the sum of $1,639.93.
Section 1474 of the Civil Practice Act states that:
‘ ‘ The plaintiff shall recover no costs or disbursements:
“ 1. In an action brought in the supreme court, triable in any county in the city of New York, which could have been brought, except for the amount claimed therein, in the city court of the city of New York, unless he shall recover four thousand dollars or more.”
The plaintiff contends that the action could not have been brought in the City Court since the defendant is a foreign corporation which had not filed 11 an application for a certificate of authority to do business in New York.”
It appears from the papers submitted on the motion that the defendant is a foreign corporation doing business within the territorial limits of the City of New York, and that service of process in the action was made upon an individual who states in an affidavit that he was and is the managing agent of the defendant and that he ‘ ‘ accepted service of the summons and complaint as such managing agent. ’ ’
Subdivision 3 of section 229 of the Civil Practice Act provides that personal service of a summons may be made upon the *540 managing agent of a foreign corporation. Subdivision 2 of the same section provides for service upon certain public officers designated for the purpose. In Pohlers v. Exeter Mfg. Co. (293 N. Y. 274) the Court of Appeals held that the Legislature had the power to confer upon the City Court of the City of New York jurisdiction over a defendant foreign corporation acquired through service of process at the office of the Secretary of State in Albany. The specific holding of the Court of Appeals was to affirm an Appellate Division order denying a motion to vacate the service of a City Court summons and complaint.
This decision of the Court of Appeals makes it apparent that a foreign corporation doing business in the City of New York may be sued in the City Court of the City of New York provided that jurisdiction over the foreign corporation is acquired in accordance with a statute respecting service of process on foreign corporations.
As to the instant motion it appears that jurisdiction over the defendant corporation could have been obtained in the City Court by following exactly the same procedure as was followed in the Supreme Court action, i.e., by serving the City Court process on defendant’s managing agent at its New York City office. Accordingly, the motion is denied.
Settle order on notice.