*507 OPINION OF THE COURT
James A.W McLeod, J.
I. Background Facts
This is an action for recovery of money damages. The plaintiff, Marita Car Rentals, Inc., doing business as Budget Rent A Car (hereinafter referred to as Budget Rental), is seeking to recoup damages that resulted from a motor vehicle accident involving one of their rental cars.
The summons states that the “basis of the venue designated” is Budget Rental’s place of business, which is listed as 3999 Genesee Street, Buffalo, New York 14225. The court takes judicial notice of the fact that 3999 Genesee Street is not within the territorial limits of the City of Buffalo, despite its mailing address, and is in fact located in the Town of Cheektowaga, New York, a town contiguous to the City of Buffalo within the County of Erie. Based on that fact, the complaint itself is silent as to any transactions or accidents occurring within the territorial limits of the City of Buffalo.
From the supporting papers it appears that the vehicle was rented by Budget Rental in its Cheektowaga office to the defendant, Mr. Ishtiaq, on or about June 13, 2004. Mr. Ishtiaq was a licensed driver of the State of New Jersey. It appears that Mr. Ishtiaq did not purchase any supplemental insurance offered by Budget Rental to protect the vehicle against property damage.
On the following day, the rental vehicle driven by the codefendant, Mr. Casses, was allegedly involved in a hit-and-run accident in Amherst, New York, which is another town contiguous to the City of Buffalo and also located within Erie County. It should be noted that Mr. Casses was a licensed driver from the State of Texas. Mr. Casses was charged with various traffic offenses including driving while intoxicated. It is unclear whether or not Mr. Casses was operating the rental car with the permission of Mr. Ishtiaq.
Unfortunately for Budget Rental, the rental vehicle apparently suffered $15,000 in damages in the accident, rendering it a total loss.
Budget Rental commenced this action against both Mr. Ishtiaq and Mr. Casses by service of a summons and complaint on the New York State Secretary of State at his New York City offices under the authority of Vehicle and Traffic Law § 253.
Previously, Budget Rental’s counsel withdrew as the attorneys of record as to the claim against Mr. Ishtiaq. Budget Rental has *508 now moved for a default judgment against Mr. Casses, based on his failure to appear, and for an order directing the court clerk to enter a judgment against Mr. Casses based on the damages proved by Budget Rental in their supporting motion papers. The matter was heard on November 28, 2005, on papers only. Neither Mr. Ishtiaq nor Mr. Casses responded to the complaint or to the current motion. At that time the court reserved decision.
II. Findings of the Court
Subject Matter Jurisdiction
Based on the nature and amount of the claim, and the fact that Budget Rental has an office where it regularly transacts business in a town that is contiguous to the City of Buffalo and is within Erie County, the court finds that it has subject matter jurisdiction over this matter under the authority of Uniform City Court Act §§ 202 and 213, the holding of Rock Wool Insulation Co. v Puma (48 Misc 2d 193 [1965]) notwithstanding.
However, contrary to popular belief among the bar, the granting of a default judgment is not automatic. (Gagen v Kipany Prods., 289 AD2d 844 [3d Dept 2001].) While it appears that Budget Rental has made out a sufficient prima facie case against Mr. Casses on the issues of liability and damages, the court does not believe that it has obtained personal jurisdiction over either Mr. Ishtiaq or Mr. Casses.
The question presented to the court is does service of a summons and complaint on the Secretary of State, pursuant to Vehicle and Traffic Law § 253, in the Secretary’s New York City office, allow for the City Court of Buffalo to acquire personal jurisdiction over an out-of-state resident who either (1) rented a motor vehicle in a township located within the same county and contiguous to the City of Buffalo, or (2) who was involved in a motor vehicle accident with that rented vehicle in another township located in the same county and contiguous to the City of Buffalo?
Service Requirements under Vehicle and Traffic Law § 253 (2)
Under Vehicle and Traffic Law § 253 (2), for there to be proper service, the plaintiff must not only serve the Secretary of State but must also provide the defendant with a copy of the summons and complaint by certified or registered mail, return receipt requested. Besides the affidavit of mailing (present here), *509 the plaintiff must file with the court either (1) the signed return receipt card, or (2) the original envelope that was returned and marked “unclaimed.” (Vehicle and Traffic Law § 253 [2].)
While there are certified mail receipts in the file, they are not the signed return receipt card or the original envelope that was returned and marked “unclaimed” as required under the statute.
As a result of plaintiffs failure to comply with the service and filing requirements of Vehicle and Traffic Law § 253 (2), such service was defective and personal jurisdiction was not obtained over Mr. Ishtiaq and Mr. Casses who are licensed drivers of the states of New Jersey and Texas, respectively. (Braderman v Keitz, 13 AD3d 205, 206 [1st Dept 2004].)
However, even if the court were to allow the plaintiffs to file the missing documentation nunc pro tunc, the court does not believe that service under Vehicle and Traffic Law § 253 (2) on the Secretary of State in his New York City office was valid service in this case.
Obtaining Personal Jurisdiction over an Out-of-State Driver in City Court vis-a-vis Vehicle and Traffic Law § 253
First, service of process in Buffalo City Court is limited by New York State Constitution, article VI, § 1 (c) to Erie County (the county where the City of Buffalo is located) and the five counties adjacent to Erie County.
Uniform City Court Act § 403 states, in part, that service of the summons shall be made only within the county unless service beyond the county be authorized by law in this act or elsewhere.
Uniform City Court Act § 404 states, in part, that the court may exercise personal jurisdiction over any nonresident of the county for any acts arising in this section as if he were a domiciliary of the state and resident of the county. Those acts include transacting any business within the city and/or committing a tortious act within the city. Service of the summons under this section may be made in any part of the county or adjoining counties.
It should be noted that none of the factors that would allow for “long-arm” service under Uniform City Court Act § 404 apply to this case, because the signing of the rental agreement by Mr. Ishtiaq and the motor vehicle accident involving Mr. Casses occurred outside of the territorial limits of the City of Buffalo.
*510 Simply having subject matter jurisdiction over the action is not enough in and of itself to confer personal jurisdiction over the parties if they cannot be served in accordance with the restrictions imposed by article VI, § 1 (c) of the New York State Constitution. (Hyman & Gilbert v Greenstein, 138 AD2d 678, 680 [2d Dept 1988].)
Additionally, since the long-arm jurisdiction of a city court under UCCA 404 (a) is not as broad as that of the Supreme Court under CPLR 302, because service of process is restricted to the home county or an adjoining county by way of article VI, § 1 (c) of the New York State Constitution and UCCA 404 (b) (Hyman & Gilbert v Greenstein, 138 AD2d 678, 680 [2d Dept 1988]), CPLR 302 cannot serve as an alternative basis for obtaining personal jurisdiction in this matter.
However, the court is aware that there are other provisions in the law, such as Business Corporation Law § 306, Navigation Law § 74 and Vehicle and Traffic Law § 253 to name but a few, which could serve as a basis for obtaining personal jurisdiction over a defendant. (UCCA 403.)
Here, Budget Rental utilized Vehicle and Traffic Law § 253 and served the Secretary of State in his New York City office, which is not in Erie County or in a county adjacent to Erie County, and is in fact over 400 miles away from the City of Buffalo.
It should be noted that it appears that valid service under Vehicle and Traffic Law § 253, which would not have involved any discussion of the constitutional limitations of article VI, § 1 (c) of the New York State Constitution, could have been obtained by simply serving the Secretary of State in his Buffalo office which is directly across the street from the courthouse.
But based on the facts of this case, for the court to find that personal jurisdiction has been obtained over Mr. Ishtiaq and Mr. Casses, it must find that the authority of Vehicle and Traffic Law § 253 is superior to the restrictions of article VI, § 1 (c) of the New York State Constitution, and this is something that the court will not do.
The court is well aware of the Court of Appeals holding in Pohlers v Exeter Mfg. Co. (293 NY 274 [1944]), wherein the Court of Appeals found that service under former General Corporation Law § 210 on the New York State Secretary of State in Albany to be valid service on a corporate defendant in a New York City action. But the facts in that case are distinguishable.
*511 First, the defendant in Pohlers was a foreign corporation which had expressly consented to service beyond the court’s jurisdictional limitations as a condition for doing business in New York State. Here, there is no such express consent, but only an implied consent based on the legal premise that a driver from another state knows the laws of New York. (LaPlaca v Hutcheson, 191 Misc 27, 28-29 [1948].)
Second, in the Pohlers case the statute required that the cause of action must have occurred within the territorial limits of the city and that the defendant had a place of business within the territorial boundaries of New York City, which it did.
Here, there are no such connections alleged between the City of Buffalo and Mr. Ishtiaq or Mr. Casses which could possibly bring this case under the authority of Pohlers.
This case is much more like American Historical Socy. v Glenn (248 NY 445 [1928]), where a defendant successfully challenged the constitutionality of the New York City Court Act which would have allowed statewide service of process on him despite his not having any jurisdictional ties with the City of New York. In that case the Court of Appeals warned that if the provisions of the act were upheld, the City Court of New York would act like a great spider web drawing into its web by its process the flies of small suits against defendants who had never been within the limits of its territorial jurisdiction. (Id. at 453.)
Simply put, this court cannot ignore the plain language of New York State Constitution, article VI, § 1 (c) which states in part that “[t]he legislature may provide that processes, warrants and other mandates ... of town, village and city courts outside the city of New York may be served and executed in any part of the county in which such courts are located or in any part of any adjoining county ” (emphasis added).
The legal fiction created by the State Legislature in adopting Vehicle and Traffic Law § 253, which would allow service on the defendants in any office of the Secretary of State throughout the state in any county not contingent to Erie County, to be deemed personal service on the defendants in Erie County or in one of the five counties adjacent to it, is beyond the authority given to the Legislature by the State Constitution.
This court also specifically rejects the notion that the Secretary of State is somehow “present” in all of the 64 counties throughout the entire state, despite only having 11 offices in the state. (Bessan v Public Serv. Co-Ordinated Transp., 135 Misc 368, 372 [1929].)
*512 This court finds the logic of another fine of cases more compelling than Pohlers, namely, that where a statute creates long-arm jurisdiction, it is secondary to a court’s jurisdictional limitations put forth in the New York State Constitution. Any service occurring outside of the boundaries set in the Constitution, under the authority of the statute, is defective service and the court is without jurisdiction over the defendant. (Gruber v Wilson, 276 NY 135 [1937]; McCulloch v American Carrier, 172 Misc 450 [1939], lv denied 260 App Div 933 [2d Dept 1940]; United Communications Corp. v 1st Tee, 179 Misc 2d 896 [1999].)
The court finds that physical service of process of this City Court under Vehicle and Traffic Law § 253 on the Secretary of State in his New York City office, or in any office located in a county other than Erie, Cattaraugus, Chautauqua, Genesee, Niagara or Wyoming counties, is a clear violation of the constitutional limits of article VI, § 1 (c) of the New York State Constitution.
To hold otherwise would render the jurisdictional limitations placed on this court by article VI, § 1 (c) of the New York State Constitution meaningless.
Based on this finding, the court can dismiss the complaint on its own motion, sua sponte (United Communications Corp. v 1st Tee, 179 Misc 2d 896, 897 [1999]), and under these circumstances, the court is without authority to take any action other than to dismiss the complaint. (McMullen v Arnone, 79 AD2d 496, 499 [2d Dept 1981].)
Wherefore, it is hereby ordered that the complaint is dismissed as to both Mr. Ishtiaq and Mr. Casses due to the court’s lack of personal jurisdiction over them.