OPINION OF THE COURT
Jeffrey F. Voelkl, J.
I, Background Facts
These seven actions have been combined for the purpose of deciding various motions to dismiss made by the defendants pursuant to CPLR 3211 (a) (8) which involve a common question of law. These actions are all for recovery of money damages. The plaintiffs are health care providers who provided medical care to their various patients. These patients were all insureds of the defendants who had their first-party no-fault claims denied. They then assigned their various claims to the plaintiffs. It should be noted that the defendants provide no-fault insurance coverage throughout New York State, including the City of Buffalo.
The plaintiffs commenced these actions by service of their summonses and complaints on the New York State Superintendent of Insurance at the Albany or New York City offices under the authority of Insurance Law § 1212.
It should be noted that both Albany and New York City are hundreds of miles from the City of Buffalo and separated from Erie County, where the City of Buffalo is located, by dozens of counties.
The question presented to the court is: Does service of a summons and complaint on the Superintendent of Insurance, pursuant to Insurance Law § 1212, in the Albany or New York City offices, allow for the City Court of Buffalo to acquire personal jurisdiction over the defendants based on the limiting language of New York Constitution, article VI, § 1 (c), which states in part that “[t]he legislature may provide that processes, warrants and other mandates ... of town, village and city courts outside the city of New York may be served and executed in any part of the county in which such courts are located or in any part of any adjoining county” (emphasis added)?
II. Findings of the Court
The court finds that it has subject matter jurisdiction over this matter pursuant to Uniform City Court Act §§ 201, 202 and *630 212. The defendants are well-known automobile insurance carriers who have been transacting business in New York State and the City of Buffalo for decades. They have both been plaintiffs in this court for dozens, if not hundreds, of actions. Additionally, all of the plaintiffs maintain and regularly transact business in their offices within the City of Buffalo or in townships adjacent to the City of Buffalo which allows this court to obtain subject matter jurisdiction over these actions pursuant to Uniform City Court Act § 213.
However, the defendants point out that simply having subject matter jurisdiction over the action is not enough in and of itself to confer personal jurisdiction over the parties if they cannot be served in accordance with the restrictions imposed by article VI (§ 1 [c]) of the New York Constitution. (Hyman & Gilbert v Greenstein, 138 AD2d 678, 680 [2d Dept 1988].)
The defendants point to a decision written by Judge James McLeod of this court in Marita Car Rentals, Inc. v Ishtiaq (11 Misc 3d 506 [Buffalo City Ct 2006]), which held that physical service of process of this court under Vehicle and Traffic Law § 253 on the Secretary of State in his New York City office, or in any office located in a county other than Erie where the City of Buffalo is located, or any of the counties contiguous to Erie County was a clear violation of the constitutional limits of article VI (§ 1 [c]) of the New York Constitution.
However, the court finds the facts of these cases distinguishable from Marita and much more in line with the facts in Pohlers v Exeter Mfg. Co. (293 NY 274 [1944]). In Pohlers the Court of Appeals held that service of process under former General Corporation Law § 217 on the New York State Secretary of State in Albany was valid service on a corporate defendant in a New York City action.
First, the defendant in Pohlers was a foreign corporation which had expressly consented to service beyond the court’s jurisdictional limitations as a condition for doing business in New York State. In Marita there was no such express consent, but only an implied consent based on the legal premise that drivers from other states know that the laws of New York State require that all drivers in the state consent to the New York State Secretary of State to act as their agent for accepting service of process pursuant to Vehicle and Traffic Law § 253. Here, the facts of these cases are much more in line with those in Pohlers than to those in Marita.
Second, in the Pohlers case the statute required that the cause of action must have occurred within the territorial limits of the *631 city and that the defendant had a place of business within the territorial boundaries of New York City, which it did. In Marita, one defendant entered into a rental car agreement in a township that was contiguous to the City of Buffalo and the other defendant using the same rental car was involved in a motor vehicle accident in another township which was also contiguous to the City of Buffalo. These were the only actions alleged which would have provided the court with subject matter jurisdiction. Again, the facts of these cases are much more in line with those in Pohlers than to those in Marita.
Additionally, Uniform City Court Act §§ 403 and 404 allow for the court to exercise personal jurisdiction over any nonresident of the county who transacts business within the city as authorized in the Uniform City Court Act or as may be authorized elsewhere by law.
Here, the defendants are both foreign corporations which are licensed to do business in New York State by the New York State Insurance Department. As an expressed condition of doing business in New York State both companies agreed to allow service upon the Superintendent of Insurance to confer personal jurisdiction upon them by a court of competent jurisdiction pursuant to Insurance Law § 1212.
Based on the facts of these cases the court finds that Buffalo City Court is a court of competent jurisdiction for the purposes of Insurance Law § 1212.
This court finds that service on the defendants pursuant to Insurance Law § 1212 is valid service and gives this court personal jurisdiction over the defendants pursuant to the authority of Uniform City Court Act §§ 403 and 404 and the Court of Appeals holding in Pohlers v Exeter Mfg. Co. (293 NY 274 [1944]).
It should be noted that the court has found no case law which suggests that the Pohlers decision is no longer good law, and Pohlers has in fact been cited by appellate courts well after the 1962 change to the New York Constitution cited by the defendants. (Acciaierie E. Ferriere Lombarde Falck S.p.A. v Pete Sublett & Co., 78 AD2d 834 [1st Dept 1980].)
In fact, our own Fourth Department has stated in a decision specifically citing to the Pohlers decision that a party may by agreement consent to the jurisdiction of a court which would not otherwise have authority over him. Further, public policy does not forbid the appointment of an agent to accept service, *632 or an agreement, in advance of litigation, to submit oneself to jurisdiction by subjecting oneself to process. While ordinarily a court can acquire jurisdiction of the person of a defendant only by service of process within the jurisdiction of the court, that rule does not apply where the defendant has agreed in advance to accept some other form of service as sufficient. (Matter of Bauer [Motor Veh. Acc. Indem. Corp.], 31 AD2d 239, 241 [4th Dept 1969].)
It is hereby ordered that the defendants’ motions to dismiss the plaintiffs’ complaints are denied in their entirety.