482

[892 NYS2d 843]

BUFFALO GENERAL HOSPITAL, Also Known as KALEIDA HEALTH, as Assignee of Alan Collins, Appellant, v ERIE INSURANCE COMPANY, Respondent.

SUBURBAN CHIROPRACTIC ASSOCIATES, as Assignee of Genet Woldie-Giorgis, Appellant, v PREFERRED MUTUAL INSURANCE COMPANY, Respondent.

County Court, Erie County, September 24, 2009

appeal from orders of the Buffalo City Court (Ogden, J.) granted October 20, 2008 (No. E14033/2008) and October 27, 2008 (No. E12518/ 2008). Both the appellants and defendants-respondents (hereinafter respondents) submitted briefs and waived oral argument.

## Procedural History

This appeal consolidated the two above-captioned actions for the purpose of review as both involve a common question of law.

The underlying actions concern the recovery of money damages. The appellants are health care providers who provided medical care to various patients. These patients are all insureds of the respondents. The respondents provide no-fault insurance coverage in the City of Buffalo and throughout New York State. The respondents denied these patients' first-party no-fault insurance claims. The claims of the patients were thereafter assigned to the appellants.

The appellants commenced these actions by serving Buffalo City Court summonses and complaints on the New York State Superintendent of Insurance at the New York State Department of Insurance's Albany offices under the authority of Insurance Law § 1212. On September 29, 2008 Judge Ogden ruled from the bench granting the respondents' motions and both cases were dismissed for lack of personal service. The Buffalo City Court reduced its decisions to writing in orders granted October 20, 2008 (No. E14033/2008) and October 27, 2008 (No. E12518/ 2008).

## Arguments

The appellants argue that the respondents were properly served through the New York State Insurance Department in Albany. Their position is based upon Insurance Law § 1212. The appellants, therefore, contend that the Buffalo City Court rulings should be reversed.

The respondents contend that Judge Ogden's orders should be affirmed. They argue that the complaints of the appellants should be dismissed because the method of service used did not confer personal jurisdiction over the respondents upon the Buffalo City Court. Their argument is based upon article VI, § 1 (c) of the New York State Constitution which states, in pertinent part: "The legislature may provide that processes, warrants and other mandates . . . of town, village and city courts outside the city of New York may be served and executed in any part of the county in which such courts are located or in any part of any adjoining county." The respondents argue that Buffalo City Court process was served on the parties in Albany, outside Erie County and its adjoining counties. The respondents, therefore, contend that the Buffalo City Court ruling should be affirmed.

## Decision

The issue before this court is whether service of a Buffalo City Court summons and complaint upon the New York State Superintendent of Insurance in Albany provides the Buffalo City Court with personal jurisdiction over the respondent insurance companies.

Insurance Law § 1212 (b) states, in pertinent part: "Service of process upon any such insurer in any proceeding in any court of competent jurisdiction may be made by serving the superintendent" and that such "[s]ervice of process so made shall be deemed to have been made within the territorial jurisdiction of any court in this state."

In order for an insurance company to be authorized to do business in New York State, a power of attorney must be filed in the office of the Superintendent of Insurance. The filing of the power of attorney subjects the insurance company, as well as its property within the State of New York, to the jurisdiction of New York State courts. (*Morgan v Mutual Benefit Life Ins. Co.*, 119 App Div 645 [1907].) This particular statute, which provides for service of process upon the Superintendent of Insurance, was intended to provide an avenue to serve a foreign insurance company within the territorial jurisdiction of *any*

court of the State of New York regardless of capacity or geographical limitation.

While these actions appear to tread dangerously near state constitutional questions, they are, in reality, contractual matters. *Pohlers v Exeter Mfg. Co.* (293 NY 274 [1944]) most closely correlates to the issues of these cases. As in the cases before this court, the defendant in *Pohlers* was a foreign corporation which had expressly consented to service beyond the court's jurisdictional limitations as a requirement for operating in New York State. Also, from a practical standpoint, in both these cases, as well as in *Pohlers,* the courts presiding over the original claims were acting within their "competent jurisdiction" because the underlying causes of action arose within the Buffalo and New York City limits, respectively.

As a matter of law, *Pohlers* ruled that

> "[o]rdinarily a court can acquire jurisdiction of the person of a defendant only by service of process within the jurisdiction of the court; but that rule does not apply where the defendant 'has agreed in advance to accept, or does in fact accept, some other form of service as sufficient.' " (*Id.* at 279.)

The court in *Pohlers* further noted that valid consent can also be exacted by the State (*id.* at 280). A parallel argument was also made in *Jackson v National Grange Mut. Liab. Co.* (274 App Div 330 [1948]), which states that serving the Superintendent of Insurance constitutes service within the territorial jurisdiction of any and all courts of the state, regardless of their limitation or general jurisdiction, including a justice court.

There is no question that the respondents are required to file a power of attorney with the Superintendent of Insurance in order to do business within the geographical limits of New York State. Pursuant to this power of attorney, the Superintendent is authorized to accept service of process for any cause of action which originates out of a contract formed within New York State.

It is clear, pursuant to both *Pohlers* and Insurance Law § 1212, that the respondents have already consented to acceptance of service of process by the Superintendent of Insurance by filing the power of attorney. Without such previous consent, it would be impossible for the respondents to be doing business in New York in the first place. In essence, the state constitutional right under article VI, § 1 (c) has been contractually waived by executing the power of attorney in favor of the Superintendent

of Insurance. It should be noted that a constitutional right can be waived through the language of a contract as evidenced by the signing of a jury waiver form, which relinquishes the right to a trial by jury.

Finally, the underlying cause for these consolidated actions involves the collection of no-fault insurance claims. The basis for such a claim has been made possible by the Insurance Law. From a policy standpoint, the benefit of the statute and the opportunity to bring an insurance claim to court reflect back to the authority of the state legislature and the practical application of Insurance Law § 1212. To allow article VI, § 1 (c) to take precedence in this service of process matter would nullify the acts of the state legislature and the provisions of Insurance Law § 1212, could affect due process rights of the parties and could deny a meritorious claimant's rightful day in court. Also, it is a well-established rule of statutory construction that where a general provision is at odds with a provision that specifically, by its terms, applies to a particular situation, the more specific provision should be applied.

Therefore, having reviewed and considered the record on appeal and the briefs of both parties, and due deliberation having been had thereon, this court finds that the respondents were properly served, consistent with Insurance Law § 1212 and, therefore, the respondents' motions to dismiss were improperly granted by Judge Ogden on September 29, 2008.

Accordingly, the orders of Buffalo City Court (Ogden, J.) dated October 20, 2008 (No. E14033/2008) and October 27, 2008 (No. E12518/2008) are hereby reversed and the matters remanded to Buffalo City Court for further proceedings not inconsistent with this decision.